DRAPER VS. THE TOWN OF IRONTON.

*Towns: Defective highway: Instructions.*

In an action for an injury from a defective highway, the jury should be left to determine, upon the evidence as to the condition of the highway, whether it was defective; and it is error to instruct them that the town is not liable if the highway was in such condition that "it *would not be thought* by persons of ordinary circumspection, care, foresight and judgment, that an accident *would be liable to happen* to a person traveling with ordinary care."

APPEAL from the Circuit Court for *Sauk* County.

Action to recover damages for injuries alleged to have been received by the minor children of the plaintiff in consequence of a defect in a highway of the defendant town, upon which the plaintiff was traveling with his children.

It appeared that the town had constructed what is called a water-brake across the traveled track of the highway where it passed down a hillside, for the purpose of turning the surface water from the highway before it reached the bottom of the hill, thus preventing the washing out of the track. This water-brake consisted of an embankment of earth extending diagonally across the track, forming a ditch or gutter on the upper side, in which the water was conducted away from the track.

The plaintiff testified concerning the circumstances of the injury as follows: "I was on my way home from Ironton with a lumber wagon, double team, with a buckboard about fourteen inches wide, fastened at the front end by the king-bolt passing through it, and at the rear end by a chain fastening it firmly to the axle. My two little girls were on the wagon: one aged eleven years, the other eight years. I started from Ironton about dark. Had a pair of young horses, but they were good, kind and gentle. Had gone between one-fourth and one-half mile when I came to the place of accident, between Mr. All's and Mr. Briggs'. It is on the state road,

which has been traveled for six years, to my knowledge. It was sixty or eighty rods from Wm. All's house. Between the place of accident and Mr. All's there is a bridge; the ground rises from the bridge to the place of accident. I was driving along on a slow trot on nearly level ground, till I happened to think of the water-brake. I then stopped team to almost a walk, and was going at a fair walk as I passed over it. The near side of the wagon struck the water-brake first, and threw the wagon towards the off side. Then the off wheel struck it, and gave a jerk the other way. It threw my children off the wagon, and broke the older girl's thigh and injured her hip; and the wheel ran over the other one, across her stomach, and injured her seriously. We took them to Mr. All's, as they were unable to ride home. This water-brake ran angling across the road, and was fully two and one-half feet high. I never measured it. At this time it was about six feet wide on the bottom, and rounded over. Don't know how long it had been there. The first I saw of it was the same day, when I was going to Ironton."

Some of the plaintiff's statements were controverted by the defendant; but it is unnecessary to state the conflicting evidence. The above extract from the plaintiff's testimony is made merely for the purpose of showing the tendency of the proofs.

The circuit judge submitted to the jury the questions, whether the highway at the place of accident was or was not sufficient, and whether the plaintiff was or was not free from contributory negligence.

On the first of these questions the judge charged the jury as follows: " It is the duty of towns not only to keep their highways in a reasonably safe condition to avoid accident to persons traveling with ordinary care, but to so construct or repair them that they will be so. And so long as they do so to that degree and in that manner that it would not be thought, by persons of ordinary circumspection, care, foresight and

judgment, that an accident would be liable to happen to persons, traveling with ordinary care, the town is not liable .... If, however, a highway or watercourse is suffered to be in such condition as to suggest to persons of ordinary care and circumspection, judgment and foresight, upon inspection, that an accident would be liable to happen to persons traveling there with ordinary caution and prudence, and such person does meet with an accident and injury while so traveling, the town is liable."

The jury found generally for the defendant; a new trial was denied; and, from a judgment pursuant to the verdict, the plaintiff appealed.

*G. Stevens*, for the appellant, contended that the charge, as above recited, was equivalent to a statement that the town was only bound to the exercise of ordinary care in keeping its highways in repair, and that this is error. *Ward v. Jefferson*, 24 Wis., 342; *Prindle v. Fletcher*, 39 Vt., 255; 12 Cush., 488. He further contended, that, if the rule stated by the circuit court were adopted, there could be no recovery in any case for injuries from defective highways; that if the road is in such a condition that a man of ordinary prudence would not think an accident likely to occur, then, under the rule, the town is not liable; but if, on the other hand, its condition is such that a man of ordinary prudence would think an accident likely to occur, then the person injured will be told that he was guilty of carelessness in traveling upon such a road.

*J. W. Lusk*, for the respondent, contended that the duty of the town is merely to keep its roads reasonably safe, and roads which are thus reasonably safe under all the circumstances are not defective within the meaning of the statute (*Wheeler v. Westport*, 30 Wis., 392); and that the instruction given by the court was a correct guide to the jury in considering the question whether the highway was defective. He also contended, upon the evidence, that the plaintiff was guilty of contributory negligence.

LYON, J. I. We are unable to hold, as matter of law, either that the highway, at the point where the accident happened, was insufficient, or that the plaintiff was guilty of negligence which contributed to the injuries of which he complains. These propositions of fact were properly submitted to the jury for their determination; and there is sufficient testimony preserved in the bill of exceptions to sustain findings of a jury upon them either way.

II. The only remaining question necessary to be considered, arises on the instructions. After instructing the jury that it is the duty of the town to maintain its highways in a reasonably safe condition for travel thereon, the learned circuit judge laid down a test, by the application of which the jury were to determine whether the highway, where the accident happened, was or was not sufficient. The jury were instructed, in effect, that the town is not liable to respond in damages to the plaintiff, if the highway was in such condition that persons of ordinary care, circumspection, foresight and judgment, would think that an accident would not be likely to happen to one traveling thereon with ordinary care. This is stating, in another form, the proposition that a highway which is equal to this test, is sufficient — is reasonably safe.

We think the test an erroneous one. A person of the character mentioned might well think that an accident would not be *liable* to happen at a given point in a highway, to one traveling with ordinary care, and yet the highway at that point may be insufficient and out of repair. The law is that a town must keep its highways in a reasonably safe condition for travel thereon, and it cannot shield itself from liability for the nonperformance of that duty by the plea, that the defects in its highways are of such a character that ordinarily careful and circumspect persons might think that accidents would not be liable to happen by reason of such defects to persons traveling with ordinary care. The alleged defects may not be, apparently, very dangerous, and yet they may constitute an

insufficiency in the highway.   The jury should be left to determine from the evidence of its condition, whether the highway is or is not in a reasonably safe condition for travel, and should not be restricted (as they were in the present case) to the mere inquiry whether a certain class of persons may or may not think that accidents are liable to befall ordinarily careful travelers at the place of the alleged insufficiency, and by reason thereof.

Because this error in the instruction may have misled the jury, it is fatal to the judgment.

*By the Court.* — Judgment reversed, and cause remanded for a new trial.