Donohue vs. Town of Warren.

Donohue, Administrator, Respondent, vs. Town of Warren, Appellant.

*February 5 — February 23, 1897.*

*Highway: Town liability for defect.*

1. Although the person suing for an injury caused by a defect in a highway, such as a dangerous gully or ditch extending across it, was not actually thrown out and injured until his horses had become frightened on passing through it and had been running for some distance therefrom, yet, if such defect was the cause of the horses running away, it may well be held to have been the proximate cause of the injury.

2. A notice of injury and a complaint therefor which designate the place where the accident happened as being "in the highway running between sections three and four in the town of W. at a point about four hundred feet north of the southwest corner of the northwest quarter of section three," are sufficient in that respect, if the defect causing the accident was so near to the point designated as not to cause any material variance.

Donohue vs. Town of Warren.

APPEAL from a judgment of the circuit court for St. Croix county: E. B. BUNDY, Circuit Judge. *Affirmed.*

This action was brought by the plaintiff's intestate to recover damages which he sustained by reason of defects in a highway of the defendant town. The original plaintiff has died since the action was tried. At the time of the accident the decedent was riding with one Joseph Allyn, in a buggy, drawn by a span of horses driven by Allyn. The time was evening, and it was dark. They were driving at a slow trot, when suddenly the right wheel dropped into a ditch, and Allyn was thrown out. Allyn lost the reins. The team became excited and started to run. A little further on, the left wheel dropped into a ditch, and the decedent was thrown out, and his arm was broken. The team went on and ran away. The parties to the accident were strangers to that road. The night was dark, and they could not, with entire certainty, identify the precise place of the accident. It is described, both in the notice to the supervisors and in the complaint, as being "in the highway running between sections three (3) and four (4) in the town of *Warren,*" and "at a point about four hundred feet north of the southwest corner of the northwest quarter of section three (3) of said town of *Warren.*" Near the point designated was a large gully or ditch extending entirely across the highway, found by the jury to have been a foot and a half to two feet wide and a foot to a foot and a half deep, and to have been there since the previous fall. The testimony tended to show that the accident happened at this point. There was a special verdict and judgment for the plaintiff, from which the defendant appeals.

For the appellant there was a brief by *John W. Bashford* and *S. N. Hawkins,* attorneys, and a supplemental brief by *R. M. Bashford,* of counsel, and oral argument by *J. W. Bashford* and *R. M. Bashford.* Among other things, they argued that the notice and complaint are so indefinite as not

to fix the place of the accident, nor was the place definitely shown. *Weber v. Greenfield*, 74 Wis. 234; *Sowle v. Tomah*, 81 id. 349; *Hiner v. Fond du Lac*, 71 id. 74, 78; *Steltz v. Wausau*, 88 id. 618; *Laird v. Otsego*, 90 id. 25. The team was running away and uncontrollable when plaintiff was thrown out and injured, and consequently the town was not liable. *Jackson v. Belleview*, 30 Wis. 250, 257; *Bishop v. Belle City St. R. Co.* 92 id. 139, 143; *Houfe v. Fulton*, 29 id. 296, 306; *Roberts v. Wis. Tel. Co.* 77 id. 589; *Loberg v. Amherst*, 87 id. 634.

*W. F. McNally*, for the respondent.

NEWMAN, J. The appellant's brief contains specifications of twenty-two errors claimed. Most are in the nature of criticisms of rulings of the trial court in the admission and exclusion of evidence and of the instructions given. None of the objections urged seem to be of controlling importance, or to affect the general fairness of the trial, and do not require examination in detail. On the argument two principal objections only were discussed. And they seem to cover all that is important in the case. They are: (1) "The place where the accident happened was not definitely shown, and the question was not fairly submitted;" and (2) "the team was running away when the plaintiff was thrown out and injured, and the town is not, therefore, liable." If by "the place where the accident happened" is meant only the place where the plaintiff was thrown from the buggy and injured, it is of little importance. The important question is if the defect which caused the accident was in the highway, and so near to the point designated in the notice to the supervisors and in the complaint as not to be in material variance from it. There was, indeed, abundant evidence to establish that there was a' defect in the highway, very near to the designated point, where Allyn was thrown out, and where the team started to run, sufficient to have caused the accident, and sufficient to support the finding of the jury that

that was its cause. And certainly, if the defect in the high-way was the cause of the running away of the team, it may well be held to be the proximate cause of the plaintiff's injuries; for, while the town is not required to make its high-ways safe for teams which are in the condition of fright, and out of the control of their drivers, they are, nevertheless, liable for such damages as are the proximate consequence of a runaway which is caused by defects in the highway. *Kelley v. Fond du Lac,* 31 Wis. 179. It would make no difference that the injuries to the plaintiff were received at some distance from the place of the defect which was the cause of the runaway. No material error is found in the case.

*By the Court.*— The judgment of the circuit court is affirmed.