McFarlane, Appellant, vs. The Town of Sullivan, Respondent.

*January 18 — May 3, 1898.*

*Defective highway: Proximate cause.*

In an action against a town for an injury alleged to have been caused by a defect in the highway, it appeared that the plaintiff when driving a horse on a dark night struck the horse and drew up on the lines, and the horse starting quickly one of the lines broke, and as he pulled the other line the horse veered and the cart wheel hit a stone in the highway and he was thrown out and injured. *Held,* that the proximate cause of the injury was not the stone, but the breaking of the line and the pulling on the other line which caused the horse to veer out of her course.

APPEAL from a judgment of the circuit court for Jefferson county: JOHN R. BENNETT, Circuit Judge. *Affirmed.*

The facts of the case appear in the opinion.

For the appellant there was a brief by *Rogers & Rogers,* and oral argument by *W. H. Rogers.*

*Harlow Pease,* for the respondent.

The following opinion was filed February 8, 1898:

CASSODAY, C. J.    This action was brought to recover damages sustained by reason of an alleged defective highway. The answer consists of admissions and denials, and alleged contributory negligence.    At the close of the trial the court directed a verdict in favor of the defendant upon the ground that the alleged defect in the highway was not the proximate cause of the injury.    From the judgment entered thereon the plaintiff brings this appeal.

It appears from the plaintiff's testimony, in effect, that at the time of the accident the plaintiff was twenty-four years of age, and lived with his father on a farm about two and a half miles south of the village of Rome; that some time

McFarlane vs. The Town of Sullivan.

after dark on the evening of April 25, 1895, the plaintiff started from his home to go to Rome, with a gentle mare, between five and six years old, hitched to a two-wheeled cart; that it was so dark that, as he passed his sister and two ladies within two feet of them, he did not recognize them until one of them spoke; that the mare trotted along at her natural gait, until she came to the top of the hill; that he then let her walk down the hill towards the north, because it was rough; that, after he supposed he had passed the rough ground, he spoke to the mare, but, as she did not start to trot, he tightened on his lines with his left hand, and touched the mare with his whip, and she started up quick; that he then pulled on the lines with his left hand, and then the right line came apart, and that, before he had time to speak to the mare to stop her, the left wheel of his cart struck a large stone near the traveled track, and he was thrown out upon his head and shoulders and badly injured; that he held on to the mare until she stepped over the right-hand thill, and broke it, and came near stepping on him, when he let loose of the mare, and she went off with the cart; that he struck the mare just once, and she started quick,— suddenly; that, having both lines in his left hand, he pulled up with that hand, and the right line broke clear in two; that he had the piece that was left in his hand until the mare came near stepping on him, when he let go of it; that when the right line broke, and he pulled, and the pressure came upon the left line, the mare veered to the left, and soon after that his cart struck the stone; that he had known of the stone being there since 1892, but supposed he had got by it,— judging from the distance,— as it was too dark to see it; that the mare made but one jump; that the line broke when she started; that after the line broke the wheel struck the stone before he could say "Whoa!" that if he had said "Whoa!" it would not have done any good,— it would not have stopped the mare in

that short distance; that the wheel would not have hit the stone if his line had not broken.

It appears that the stone was three feet across one way and three and one-half the other way, and from sixteen inches to about two feet above the ground, and from six to ten inches from the wheel track; that there was about twenty-six feet clear space of traveled track opposite the stone. The plaintiff was alone at the time of the accident, and the statement made as to the manner of its occurrence is taken directly from his testimony.

We shall assume, for the purposes of this appeal, as the trial court manifestly did, that whether the stone was so near the traveled track as to constitute a defect, within the meaning of the statute, was a question of fact for the jury. We shall also assume that whether the plaintiff was guilty of contributory negligence in striking the mare with the whip, as he did, under the circumstances, was a question of fact for the jury.

The right of action is purely statutory. To recover, it must be made to appear that the damage happened "by reason of the insufficiency or want of repair" of the highway. Sec. 1339, R. S. 1878. No one claims that this statute creates an absolute liability in every case where such defect contributes to the injury. To be liable, the defect must be the cause of the injury; that is, the proximate cause of the injury. *Flagg v. Hudson*, 142 Mass. 288; *Cohen v. New York*, 113 N. Y. 537; *Jackson v. Bellevieu*, 30 Wis. 250; *Roberts v. Wis. Tel. Co.* 77 Wis. 592; *Bishop v. Belle City St. R. Co.* 92 Wis. 143; *Salzer v. Milwaukee*, 97 Wis. 471.

This court, following *Milwaukee & St. P. R. Co. v. Kellogg*, 94 U. S. 474, 475, and former decisions of this court, said in *Atkinson v. Goodrich Transp. Co.* 60 Wis. 156: "The primary cause may be the proximate cause of the disaster, though it may operate through successive instruments, as an article at the end of a chain may be moved by a force ap-

McFarlane vs. The Town of Sullivan.

plied at the other end, that force being the proximate cause of the movement; or as in the oft-cited case of the squib thrown in the market place. 2 W. Bl. 892. The question always is, Was there an unbroken connection between the wrongful act and the injury,— a continuous operation? Did the facts constitute a continuous succession of events so linked together as to make a natural whole, or was there some new and independent cause intervening between the wrong and the injury? It is admitted that the rule is difficult of application. But it is generally held that, in order to warrant a finding that negligence, or an act not amounting to wanton wrong, is the proximate cause of the injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances." These cases are sanctioned, and the rule enlarged upon, and numerous cases cited, by Mr. Justice PINNEY in the recent case of *Andrews v. C., M. & St. P. R. Co.* 96 Wis. 348. The same is true in a still more recent case in an opinion by Mr. Justice MARSHALL (*Deisenrieter v. Kraus-Merkel Malting Co.* 97 Wis. 279), where the cases are collated. Mr. Cooley says: "It is not only requisite that damage, actual or inferential, should be suffered, but this damage must be the legitimate sequence of the thing amiss. . . . To the proximate cause we may usually trace consequences with some degree of assurance; but beyond that we enter a field of conjecture, where the uncertainty renders the attempt at exact conclusions futile." Cooley, Torts (2d ed.), 73.

In the case at bar it is obvious that the primary cause of the injury, and which led by regular sequence to it, was the breaking of the line. After that line broke, the plaintiff, according to his own testimony, pulled on the left line, and the mare veered to the left, and soon after his cart struck the stone, and he was injured; and if the line had not

broken, the wheel would not have hit the stone. As stated by the trial court, in consequence of the breaking of the line, the plaintiff, by pulling upon the left line, drew the mare or cart onto the stone. The line which was not broken, instead of being an agency for keeping the mare within the traveled track, was a potent agency for taking her outside of the traveled track. The town was in no way responsible for the breaking of the line, and the plaintiff testifies that, if it had not broken, the injury would not have happened. The instant the line broke, the mare ceased to be under the control of the plaintiff; and the broken line precluded the plaintiff from regaining such control. The shortness of the distance between the place where the line broke and the stone does not change the principle. The mare had passed entirely out from under and beyond the plaintiff's control, as much so as in *Jackson v. Bellevieu*, 30 Wis. 250. Thus, in a recent case in Massachusetts it is held that, "if a traveler on a highway in a city loses complete control of the horse which he is driving, and such loss of control is not momentary only, but is a permanent condition, and he is injured, he cannot maintain an action against the city for his injury, although the way is defective." *Scannal v. Cambridge*, 163 Mass. 91. This is not the case of a momentary loss of control which would have been instantly regained if the plaintiff's cart had not come in contact with the defect. *Babson v. Rockport*, 101 Mass. 93; *Houfe v. Fulton*, 29 Wis. 306; *Schillinger v. Verona*, 85 Wis. 599; *Bishop v. Belle City St. R. Co.* 92 Wis. 143. In Massachusetts and Maine it is held, in effect, that the liability of towns is a limited one, and, to enable the plaintiff to recover, it must be shown that the defect in the highway was the sole cause of the injury. *Murdock v. Warwick*, 4 Gray, 178; *Marble v. Worcester*, 4 Gray, 395; *Rowell v. Lowell*, 7 Gray, 100; *Bemis v. Arlington*, 114 Mass. 509; *Moulton v. Sanford*, 51 Me. 127.

McFarlane vs. The Town of Sullivan.

This court, in some early cases, professed to follow the Massachusetts cases; but it is manifest that they failed to do so in the particular here mentioned. But the furthermost this court has ever gone in the opposite direction has been to hold that, "if the accident happened partly from a cause in respect to which a want of ordinary care could not be imputed to the traveler, as from a defect in the axle of a vehicle he was driving, the town is liable if the accident would not have occurred but for the highway being out of repair." *Dreher v. Fitchburg*, 22 Wis. 675. That is to say, where the defect in the highway concurred with the defect in the vehicle, the plaintiff was not thereby necessarily barred from a recovery. So in *Houfe v. Fulton*, 29 Wis. 296, the defect in the highway was, in effect, held to be the proximate cause of the injury, and the right to recover was not defeated merely because there was "another proximate cause," not attributable to the plaintiff, nor to any third person, contributing directly to produce the injury,— that is to say, the plaintiff was not precluded from recovery merely because there were two proximate concurring causes to produce the injury, neither of which was the fault of the plaintiff, nor that of a third person. These cases certainly should not be extended, since they are departures from the rule maintained in the state from which we borrowed our statute. Neither of those cases, however, goes to the extent of holding that the defendant may be held liable in a case like the one at bar, which is clearly distinguishable. In this case, as indicated, the alleged defect in the highway was not a proximate nor a concurring cause, but a subsequent and remote cause.

*By the Court.*— The judgment of the circuit court is affirmed.

WINSLOW and PINNEY, JJ., dissent. BARDEEN, J., took no part.

Upon a motion for a rehearing the following opinion was filed May 3, 1898:

CASSODAY, C. J.   As indicated in the brief of counsel for the plaintiff, on their motion for a rehearing, this case was determined when there was a vacancy upon the bench, and by an equally divided court.   The facts, however, are undisputed and very simple.   Whatever difference of opinion there may be as to the application of the law to the particular facts, yet the law on the subject is familiar to the bench and bar.

*By the Court.*— The motion for a rehearing is denied.