FEHRMAN, Appellant, vs. TOWN OF PINE RIVER, Respondent.

*April 17—May 29, 1903.*

*Highways: Negligence: Personal injuries: Proximate cause: Special verdict: Inconsistent answers: Instructions to jury: Weather.*

1. The rule of the common law that a duty performed without negligence cannot be the proximate cause of an actionable injury to another applies to injuries happening on highways, although the liability therefor is dependent upon statutory provisions.

2. In actions for injuries happening on a highway, where the jury find, in answer to one question of a special verdict, that the highway in question was in a reasonably safe condition for travel, and, in answer to other questions, that the condition of the highway was the proximate cause of plaintiff's injury which the authorities should have foreseen, the answers are fatally inconsistent, and cannot support a judgment for defendant.

3. In actions arising from injury happening on defective highways, it is proper to instruct the jury, both on the questions of insufficiency and proximate cause, that they may and should consider whether the condition of the highway was such that an injury to an ordinarily prudent traveler thereon would be the natural and probable result, and ought reasonably to have been foreseen and anticipated by reasonably prudent officers in the discharge of their duty.

4. In actions arising from injuries happening on a defective highway, while the state of the weather may affect the question whether officials have exercised reasonable diligence in discovering defects and remedying them, and to that extent be the proper subject of instruction to the jury, it is error to charge the jury that they can consider it upon the abstract question of the reasonable safety of the highway at a given time.

APPEAL from a judgment of the circuit court for Lincoln county: W. C. SILVERTHORN, Circuit Judge. *Reversed.*

This is an action to recover for personal injuries received by the appellant upon an alleged defective highway in the defendant town. The answer denies all the allegations of the complaint, and alleges contributory negligence as a defense. The evidence which was given on the trial is not preserved in the bill of exceptions. The following special verdict was rendered:

"1. Was the defendant, at the time of the accident complained of, a legally organized town of said county; and was the highway, at the point of the accident, one of the public highways of said town? *Answer* (by the court): Yes. 2. Was the plaintiff injured on the 6th day of December, 1900, at the time and substantially at the place alleged in the complaint? *A*. 2. Yes. 3. If you answer question number 2 yes, then was the said highway, at the time and place of plaintiff's said injury, in a reasonably safe condition for public travel thereon by persons in the exercise of ordinary care? *A*. 3. Yes. 4. Was the condition of the highway at the time and place of the plaintiff's injury the proximate cause of the injury to the plaintiff? *A*. 4. Yes. 5. Did the town authorities know of the condition in which the highway was at the place of the plaintiff's accident, or ought they, in the exercise of reasonable diligence, to have known of the same in time to have, in the exercise of reasonable diligence, repaired the same before the accident? *A*. 5. Yes. 6. Was the plaintiff guilty of any want of ordinary care which proximately contributed to his injury? *A*. 6. No. 7. If the court shall be of the opinion that the plaintiff is entitled to a judgment, on this special verdict, at what sum do you assess his damages? *A*. 7. $400.00."

A motion on the part of the plaintiff for a new trial was overruled, and judgment rendered for the defendant upon the verdict, from which the plaintiff appeals.

For the appellant there was a brief by *Van Hecke & Smart,* and oral argument by *E. M. Smart.*

For the respondent there was a brief by *M. G. Hoffman,*

attorney, and *Curlis & Reid,* of counsel, and oral argument by *A. H. Reid.*

WINSLOW, J.   By their answer to the third question of the special verdict the jury found, in legal effect, that the town officers had performed their whole duty and made a reasonably safe highway, and by their answer to the fourth and sixth questions they found, in legal effect, that the condition of the highway was such that it proximately caused an injury to a traveler thereon who was exercising ordinary care.   The question presented is whether these findings can stand together, or whether they are so radically at variance that the verdict should have been set aside as inconsistent.

In any ordinary action for personal injuries based upon the alleged failure of duty or negligence of another, the question would hardly be considered a debatable one.   To say that a given act is not negligent, but that it is the proximate cause of an actionable injury to another, is to say that it is negligent and that it is not negligent in one breath.   It is a plain contradiction, for the reason that any act of human agency which is the proximate cause of an actionable injury to another must be a negligent act, or a failure in a duty, which is equivalent to negligence.   If a man simply performs his duty without negligence, his acts cannot be the proximate cause of an actionable injury to another.   Thus, in *Atkinson v. Goodrich T. Co.* 60 Wis. 141, 18 N. W. 764, where the subject of proximate cause was exhaustively considered, it was said:

"It is generally held that, in order to warrant a finding that negligence or an act not amounting to wanton wrong is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances."

That the question of proximate cause is necessarily present in every case of personal injury where damages are claimed

of another, by virtue of common-law principles, cannot be doubted. No good reason is perceived why the same principle does not apply to cases of highway injuries like the present, although the liability in such cases is based upon statutory provisions. The cases which apply the principle either expressly or impliedly to highway injuries are numerous. *Houfe v. Fulton,* 29 Wis. 296; *Kelley v. Fond du Lac,* 31 Wis. 179; *Chamberlain v. Oshkosh,* 84 Wis. 289, 54 N. W. 618; *McClure v. Sparta,* 84 Wis. 269, 54 N. W. 337; *Oliver v. La Valle,* 36 Wis. 592; *Stewart v. Ripon,* 38 Wis. 584; *McFarlane v. Sullivan,* 99 Wis. 361, 76 N. W. 559, 75 N. W. 71; *Mauch v. Hartford,* 112 Wis. 40, 87 N. W. 816; *Donohue v. Warren,* 95 Wis. 367, 70 N. W. 305; *Seaver v. Union,* 113 Wis. 322, 89 N. W. 163. Indeed, it does not appear that the idea that there is any difference between highway cases and other negligence cases, as to the application of the doctrine of proximate cause, has ever been suggested. It would certainly be a new departure to hold at this late day that the principle does not apply to highway cases; a departure which could only be justified by the most cogent and convincing reasons, and we find no such reasons present.

But while the question is necessarily involved in every highway case, it is nevertheless true that in many such cases it may not be necessary to formally submit it to the jury. Thus, if it be found by the jury that a dangerous declivity has been negligently permitted to exist in a highway, and that a traveler has fallen therefrom while exercising ordinary care, and no other cause for his fall is disclosed by the evidence, proximate cause may be rightly said to be shown as matter of law by these facts. Where an open pit is left in a street on which the public are invited to travel, it would be foolish to say that the fall of a traveler into it was not a natural and probable result, and ought not to have been anticipated by reasonable men. *Crouse v. C. & N. W. R. Co.* 102 Wis. 196, 78 N. W. 446. But this is not saying that the

question of proximate cause is not in the case; it is only saying that the facts, either proven without dispute or found by the jury, settle the question so conclusively as to render a separate finding of the jury unnecessary. On the other hand, the evidence may show an insufficiency in the highway as matter of law, and it may appear that a traveler was injured thereby without contributory negligence, and yet it may be absolutely essential that the question of proximate cause be submitted to the jury. Thus, in *McFarlane v. Sullivan*, 99 Wis. 361, 74 N. W. 559, 75 N. W. 71, where it appeared that a man was driving along the highway and one of his lines suddenly broke, and the horse on that account turned to the side of the highway and ran the buggy against a large stone, it was held that the breaking of the line was the proximate cause of the injury, and not the stone in the highway. If in this case there had been a dispute as to the fact of the breaking of the line or its effect on the horse's motions, the question whether the breaking of the line or the stone in the highway was the proximate cause of the injury would necessarily have been a question for the jury. So, where a traveler with a heavily loaded wagon entered on a long stretch of highway which he knew was too narrow to allow of meeting and passing another team with safety, and did not look to see whether another team was approaching or not, and, in consequence of his failure to look, met a team in the narrow cut, and suffered an injury in attempting to pass, it was held that his own negligence in entering on the defective highway without looking ahead was the proximate cause of the injury, and not the defective condition of the highway. *Seaver v. Union*, 113 Wis. 322, 89 N. W. 163. Again, in a case where a traveler has been thrown from his wagon upon a defective highway, and it is claimed by the defense that the horse was running away or beyond control, it may conclusively appear that there was a defect at the point where the injury occurred, by reason of which the traveler was

thrown out; yet, if it be shown that the horse was running away at the time, this defect is not considered the proximate cause of the injury, but rather the defect, if any, which frightened the horse and caused the runaway. *Seaver v. Union, supra; Donohue v. Warren,* 95 Wis. 367, 70 N. W. 305.

From the long line of decisions cited, as well as many others which might be cited, the conclusion is irresistible that the question of proximate cause necessarily is present in all cases of highway injuries, just as it is present in personal injury cases based upon negligence under common-law principles.

The question as to the proper definition of proximate cause cannot be considered as open to doubt. It has been many times defined, especially in recent years, and we have no disposition to go over the ground again. *Deisenrieter v. Kraus-Merkel M. Co.* 97 Wis. 279, 72 N. W. 735. Under this definition there can be no doubt of the absolute inconsistency of the findings of the jury. The answer to the third question says that the road was safe; the answer to the fourth question says that the plaintiff was injured thereon as a natural and probable result of its condition, and that the officers of the town should have anticipated such an injury. This last answer, if it means anything, means that the road was unsafe. They cannot stand together, unless proximate cause has a different meaning in a highway case from its meaning in other negligence cases, and this is in effect the contention of respondent's counsel. Their claim is that in cases of highway injuries it is not essential that the injuries should be the natural or probable result, or that they should have been anticipated, in order to constitute an insufficiency the proximate cause of the injuries; that the sole questions are: (1) Was the highway in fact insufficient (and this element cannot be tested by what a reasonable man would anticipate)? and (2) was the insufficiency the efficient

cause which acted first and produced the injury? Even on this basis there would seem to be an inconsistency between the answers to the third and fourth questions, but, assuming that such a distinction would harmonize the answers, we will consider whether or not the contention that there is such a distinction is correct. It can hardly be denied that there is some justification for the contention now made by the respondent arising out of the decisions made by this court in the cases of *Draper v. Ironton,* 42 Wis. 696, and *Peake v. Superior,* 106 Wis. 409, 82 N. W. 306. In both of these cases the question presented was as to the correctness of the instructions given to the jury on the abstract question of the sufficiency of the highway, and it was held that in determining that question it was error to charge that the highway was sufficient if it was in such a condition that persons of ordinary care and foresight would think that an accident would not be liable to happen thereon to a traveler exercising ordinary care; that the question was whether the highway was in fact reasonably safe, which was to be determined by the jury from the evidence as to its condition, and not by considering what a certain class of people would anticipate. In neither case was the question of proximate cause under consideration, and it seems certain that the question whether the rule stated conflicted with the well-established rules governing proximate cause was not considered. The rule so stated was doubtless based on the principle, frequently announced, that, in order to comply with the statute, the highway must in fact be reasonably safe, and that, with certain well-recognized qualifications, the duty of a town to keep its highways in proper repair is absolute, and not to be measured by the rule of reasonable diligence. *George v. Haverhill,* 110 Mass. 506; *Horton v. Ipswich,* 12 Cush. 488; *Ward v. Jefferson,* 24 Wis. 342; *Burns v. Elba,* 32 Wis. 605; *Peake v. Superior, supra.* But it is evident that this latter principle has no application to the question presented in the *Ironton*

Fehrman v. Pine River, .118 Wis. 150.

and *Peake Cases.* Let it be granted that the duty of the town is to make the highway reasonably safe in fact; the question is, what is the standard to be applied by the jury in determining the question of safety in fact? If the jury be charged that they must determine the question of reasonable safety from all the facts in evidence concerning the condition of the road, must they not necessarily use their own judgment in the matter, and consider in their own minds whether, as reasonable men, they would have anticipated that injury would happen to a traveler? In other words, must they not, from the very nature of the case, use the same test which the court in the *Ironton Case* condemns? What other abstract test can there be of the reasonable safety of a highway except the test of reasonable liability to cause accident or injury to the traveler? We confess that we have been unable to answer these questions in any way consistent with the ruling in the *Ironton Case.* If, then, that case is to be followed, it seems to result logically that the defendant's contention is right, and that this court has in fact eliminated the element of reasonable anticipation of injury from proximate cause in highway cases; otherwise this absurdity results: that, in deciding the abstract question of reasonable safety of a highway for all travelers, reasonable anticipation of injury must not be considered; but, in deciding the concrete question of its safety for a particular traveler at a particular time, reasonable anticipation of injury must be considered.

This condition of the law upon questions which are constantly arising in the trial courts is confusing to the last degree, and it should not be allowed to continue, unless it has become so firmly established by decision that it can only be properly cured by legislation. Were any rules of property involved we should hesitate to disturb the rule of a case which has been upon the books so long as the *Ironton Case;* but, as the rule does not affect property or vested rights in any respect, we feel entirely free to straighten out the difficulty into

which our own decisions have involved us, and thus relieve
trial courts of one unnecessary embarrassment in the trial of
highway cases.   In our judgment, the only logical way to
remedy the difficult is to overrule the *Ironton* and *Peake
Cases* upon the point discussed, and this we now do.   The
result of this conclusion is that it is proper for the court to
instruct the jury, both upon the abstract question of insuffi-
ciency and the concrete question of proximate cause, that
they may and should consider whether the condition of the
highway was such that an injury to an ordinarily prudent
traveler thereon would be the natural and probable result,
and ought reasonably to have been foreseen and anticipated
by reasonably prudent officers in the discharge of their duty.
It is true that where both questions are put, as is frequently
necessary and generally advisable, a jury may fall into the
error of answering the question of sufficiency in the affirma-
tive and the question of proximate cause in the negative, thus
creating the absurdity noted in the present case; but this re-
sult can easily be avoided by the frame of the latter question,
or by proper directions to the jury to the effect that the latter
question is not to be answered if the highway be found suffi-
cient.

The conclusion reached is that the verdict in the present
case is fatally inconsistent, and cannot support the judgment.
What has been said in the foregoing general discussion dis-
poses of all the material questions raised in the case, except
one, which requires brief attention.   The trial court charged
the jury that, in determining the question whether the high-
way was reasonably safe or not, the jury might take into
consideration the age or newness of the highway in question,
the character and amount of travel thereon, the condition of
the surrounding lands, and all other circumstances surround-
ing the highway which are shown by the evidence; also *"the
condition of the weather during the summer and fall of the
year 1900, and the manner in which it affected the public*

*highways at the time and place mentioned.''* Exception was taken to the clause concerning the weather, and it is now claimed that it was error. It is difficult to see how the question of the weather legitimately affects the question of the reasonable safety of the highway. It might well affect the question whether the town officers had exercised reasonable diligence in discovering defects and remedying them, or, in other words, the question of notice and of reasonable diligence in making repairs; but, upon the abstract question of the reasonable safety of the highway at a given time, it logically seems to have no place. We think it should have been omitted upon this question.

*By the Court.*—Judgment reversed, and action remanded for a new trial.