TREBOWOSKI, Respondent, vs. TOWN OF RINGLE and another,
Appellants.

*May 15—June 12, 1917.*

*Highways: Injury from defect where highway intersects town line:
Joint and several liability.*

Under sec. 1339, Stats.—giving a right of action for an injury to
person or property caused by the insufficiency or want of repair
of a highway "in any town,"—where an injury is caused by a
defect at a point where a highway intersects the boundary line
between two towns, such towns, being both in duty bound to keep
the highway in a reasonably safe condition at that point, are
jointly and severally liable for the injury and an action may be
maintained against either or both.

APPEALS from an order of the circuit court for Marathon
county: A. H. REID, Circuit Judge. *Affirmed.*

The appeals are from an order overruling demurrers to the
complaint for insufficiency and misjoinder of defendants.

The allegations of the complaint were sufficient to consti-
tute a cause of action against each and both of the defendants
if there can be a joint statutory liability for a personal in-
jury against two towns under the circumstances stated, which
were to this effect: The towns of *Ringle* and *Pike Lake* ad-
join, with a north and south highway crossing the boundary
between the two. At a point on the ground in the town of
*Ringle,* about five rods north of such boundary and one rod
east of the center of the traveled way, a telephone wire was
extended southwesterly to the top of a telephone pole located
in the town of *Pike Lake* about four rods south of such bound-
ary and one rod west of such center line so that, at the point
where such way crossed such boundary, the wire was about
seven feet from the ground. Plaintiff, while traveling with
ordinary care south on such way, seated in a top wagon to
which a team of horses was attached, and being driven with
ordinary care, was severely injured by the top coming in con-

tact with the wire at such point, causing the horses to become frightened and the wagon to be upset.    In due time notice of the injury and claim for damages was served on the proper officers of both towns.    As to the place of injury, the complaint stated this:

"When said plaintiff reached the intersection point, where said highway intersects said town line, the said telephone wire extending across said highway caught the top of the wagon in which plaintiff was seated and thereby caused said horses to become frightened, upsetting said wagon, throwing said plaintiff from said wagon on to the ground and thereby seriously injuring and bruising said plaintiff's head, face and body, compelling her to be confined to her bed for some time."

The notice of injury, served as aforesaid, contained substantially a like statement.

The defendants separately demurred to the complaint upon the grounds before indicated and separately appealed from the decision in respect thereto.

For the appellants there was a brief by *Brown, Pradt & Genrich* of Wausau, attorneys for *Town of Pike Lake,* and *M. W. Sweet* of Wausau, attorney for *Town of Ringle,* and the cause was argued orally by *Mr. Sweet* and *Mr. L. A. Pradt.*

For the respondent the cause was submitted on the brief of *Regner & Ringle* of Wausau.

MARSHALL, J.    True, as suggested by counsel for appellants, liability for injuries to persons or property caused by defective highways is wholly statutory.    It rests in the duty, created by the written law, of every town, city, or village to keep its highways, including bridges, in a reasonably safe condition for public travel, and responsibility thus created for damages happening by reason of failure to perform such duty.    Sec. 1339, Stats.    Such failure is deemed to be negligence as a matter of law and hence a wrong of tortious character.    *Jaquish v. Ithaca,* 36 Wis. 108; *Fehrman v. Pine*

*River,* 118 Wis. 150, 95 N. W. 105.    True, also, the statute does not make any express provision respecting liability for damages where the defect causing the damage is at a point common to two towns, as in this case.    The language of the statute is as follows: "If any damage shall happen to any person, his team, carriage or other property by reason of the insufficiency or want of repair of any bridge, sluiceway or road in any town, city or village, the person sustaining such damage shall have a right to sue for and recover the same against any such town," etc., subject to a requirement for giving notice within a specified time and in a specified way to the municipality "against which damages are claimed" and stating, among other things, where such damage occurred.

Is the language of the statute, "in any town," etc., as to the place of a defective highway causing injury to a person using the same, and the language as to service of notice on the municipality against which the damage is claimed stating "where such damage occurred" confined to events character-ized by a defect at a point in a highway wholly within one municipality?    Counsel for appellants contend for the affirm-ative.    If that should prevail the result would be that the statute leaves a person remediless who suffers damage from a defective highway at a point which is common to two towns. That the legislature did not intend such an absurdity seems quite clear.    By a familiar principle, if the language of the written law can reasonably be read so as to avoid such absurd result, it should be presumed that it was intended to be so read and effect be given thereto accordingly.

It is considered that a point which is common to two towns, as the boundary line between them, in a proper sense, may be said to be within either or both and so that the words of the statute "in any town" apply to such point as regards either municipality.    It follows that a defective highway at such a point answers to the call of the statute for "any town" as applied to each or both of the municipalities and that both

are in duty bound to maintain the highway at such point in a reasonably safe condition for public travel. Failure to do so is a joint and several liability, in case of damage to any one in his person or property happening thereby.

Our attention is called to the fact that sec. 1339, Stats., in effect, provides that in case of damage to person or property happening from a defective bridge, erected and maintained at the joint expense of two towns, the sufferer may maintain an action against the two, it being immaterial on which side of the boundary between them the accident occurred. From that counsel draw the inference that the legislature deemed it necessary to specially provide for an action against two towns for damages caused by a defective highway in order for competency to maintain such an action to exist. It does not seem so. The statute deals with the subject of joint liability of two towns in the special circumstance of damage occurring from a defective highway at a point which may be wholly within one of them. Such special circumstance required something supplementary to the general language referring to damage happening from a defective highway in any town, or else a town jointly liable with an adjoining town for the maintenance of a bridge might be held solely responsible for damages happening on the bridge because of a defect on its side of the boundary. In case of a defect which is common to two towns, hence within one as much as the other, no special provision, as that in respect to joint liability in case of bridges jointly constructed and maintained, was required.

From the foregoing it would seem that both of the defendants are liable, if, as alleged, the injury to plaintiff was caused by a defect in the highway at a point which was common to both and, being so liable and the nature of the wrong being of a tortious character, it seems that the elementary principle applies that an action may be maintained against either or both, as the trial court held.

The foregoing is in harmony with *Clapp v. Ellington,* 87

Hun, 542, 34 N. Y. Supp. 283, affirmed in 154 N. Y. 781, 49 N. E. 1095, cited to our attention by counsel for respondent. It was there held that an action of this nature is for tort; that in case of a defect in a highway at a point where each of two towns is in duty bound to maintain the same in a reasonably safe condition for public use, such defect is in each of the towns and the principles as to remedies for damages for wrongs of a tortious character apply. The remark of BARNARD, J., in *Oakley v. Mamaroneck,* 39 Hun, 448, "When an accident results from joint negligence, all or either of the towns may be sued," "in harmony with the general rule in actions not on contract," was approved.

*By the Court.*—The order appealed from is affirmed, respondent to have costs against each appellant.