TRZEBIATOWSKI, Respondent, vs. TOWN OF PIKE LAKE,
·Appellant.

*November 6—December 2, 1919.*

*Highways: Defect on boundary line between towns: Joint liability.*

Where two towns were negligent in permitting a telephone wire
    running diagonally across the road where it intersected the
    boundary line between the towns, to sag below the clearance
    height of twenty-four feet required by sec. 1329*a,* Stats., the
    fact that plaintiff's injury was caused by the overturning of
    a buggy in which she was driving, after its canopy top came
    in contact with the defect in one town, does not alter the
    fact that the default of each town concurred as the proxi-
    mate cause of the result so as to render them jointly liable
    under sec. 1339.

APPEAL from a judgment of the circuit court for Mar-
athon county: A. H. REID, Circuit Judge. *Affirmed.*

This is an action to recover damages for injuries alleged
to have been suffered by plaintiff, caused by a defective
highway in the towns of *Pike Lake* and Ringle. The case
was considered by this court upon an appeal from the judg-
ment of the trial court overruling the demurrers to the com-
plaint of the defendants. This court sustained the ruling
of the trial court on the demurrer (165 Wis. 637, 163 N.
W. 165). The facts there stated need not be repeated
here.

The complaint is for damages for injuries alleged to have
been received by the plaintiff by reason of a defective condi-
tion of the highway at the town line over which the high-
way extends north and south and in adjoining parts thereof
in both of the defendant towns. The defect consists of a
wire extending diagonally across the boundary line be-
tween the two towns.

Upon trial of the case the jury rendered a special verdict
in which they found, in answer to separate questions, that
the position and condition of the telephone post and wire
where the wire crossed the road at the town line between

the towns of Ringle and *Pike Lake* caused the road to be
not reasonably safe for public travel in both towns at the
time of the alleged accident; and that such unsafe condition
of the road in the towns of Ringle and *Pike Lake* respec-
tively was the proximate cause of the injuries received by
the plaintiff.

Judgment was entered awarding plaintiff damages and
costs in the sum of $529.62. The town of *Pike Lake*
appeals from this judgment.

For the appellant there was a brief by *Brown, Pradt &
Genrich* of Wausau, and oral argument by *L. A. Pradt.*

For the respondent the cause was submitted on the brief
of *Regner & Ringle* of Wausau.

SIEBECKER, J.    The trial court's statement of the case
in its decision of the motions made by the parties after ver-
dict accurately and succinctly describes the *locus* and the
surrounding conditions involved in the questions raised on
this appeal:

"The defect in the road which rendered it dangerous to
travelers consisted of a wire extending diagonally across
the road at its intersection with the town line between the
towns of *Pike Lake* and Ringle, starting from a pole in the
town of *Pike Lake* located seventy-four feet south from
the line and at the height of sixteen feet and extending to a
pole at or near the surface of the earth ninety-two feet
north of the town line. It thus appears that at the town
line the wire must have been approximately eight feet above
the surface, if we allow for such sagging of the wire as
must have existed in the 164-feet stretch between points of
support. This is subject to variation on account of relative
elevation of the grade of the road and the points at which
the poles were located."

The statutes require the wire at this crossing to be
twenty-four feet above the surface. Sec. 1329a, Stats.

It appears that the plaintiff was driving southward in a
canopy top buggy in the town of Ringle, approaching the

town line; that the wire caught near the top of the canopy, making a noise and causing the horses to start suddenly to go faster; the pressure of the buggy top against the wire broke it and then the buggy and wire became entangled and the buggy tipped over, causing the injuries complained of. The defect in the road caused by the wire, as found by the jury, existed at the town line and hence it was common to both towns. Such a defect, as declared by this court on the former appeal of this case (*Trebowoski v. Ringle,* 165 Wis. 637, 163 N. W. 165), ". . . in a proper sense, may be said to be within either or both [towns] and so that the words of the statute [sec. 1339] 'in any town' apply to such point as regards either municipality. It follows that . . . both are in duty bound to maintain the highway at such point in a reasonably safe condition for public travel. Failure to do so is a joint and several liability, in case of damage to any one in his person or property happening thereby." This decision clearly and properly determines that such a defect is common to the road of both towns. The evidence fully sustains the finding that the default of both towns produced this defect, which, "in a proper sense, may be said to be within either or both."

The accident to plaintiff is clearly attributable to the defect common to both towns. The fact that the buggy top first came in contact with the defect in one town does not alter the fact that the default of each town concurred as the proximate cause of the result. The result of the situation is that the failure of duty of both towns co-operated and concurred to produce the defect which proximately caused the plaintiff's injuries. It is considered that the trial court properly held that the defendant towns are jointly liable for the damages recovered by the plaintiff.

*By the Court.*—The judgment is affirmed.