## WARD vs. THE TOWN OF JEFFERSON.

*Highway — Negligence of town.*

1. Where a highway has *suddenly* become deficient or out of repair, through some action of the elements, the town is not liable for resulting injuries, unless it had notice of the fact (or sufficient time to acquire knowledge by reasonable diligence), and also had time to repair the defect or guard travelers against the danger.

2. Nor is the town liable when the injury resulted from a *latent* defect, of which it was ignorant, without negligence.

3. But, apart from such circumstances, where one is injured (without negligence on his part) in consequence of a highway being out of repair, the town is *absolutely* liable; and the question whether it used ordinary care in keeping the highway in repair, cannot be submitted to the jury.

APPEAL from the Circuit Court for *Jefferson* County. Action for injuries received by plaintiff in traveling upon a highway in the defendant town, in consequence of the highway being left in an unsafe condition. The proof showed that a stump was left standing in the middle of the highway, as laid out; that there was a traveled track on each side of, but very close to, the stump; and that, while plaintiff was driving a buggy along the road after dark, one of the wheels struck the stump, causing the injuries complained of. The court instructed the jury, among other things, that, if the town was in the exercise of ordinary care in keeping the highway in a safe condition, it was not liable; and that it was for the jury to find from the testimony whether the town used such care.

Verdict for the defendant; new trial denied; and from a judgment on the verdict, the plaintiff appealed.

*Gerrit T. Thorn*, for appellant, contended that where an injury is the result of pure accident and a defect in the highway, combined, the town is liable (*Swift v. Newbury*, 36 Vt. 355; *Palmer v. Andover*, 2 Cush. 600; *Hunt v. Pownal*, 9 Vt. 411); and that the town is not relieved

by showing "ordinary care." *Prindle v. Fletcher*, 39 Vt. 255; *Dreher v. Town of Fitchburg*, 22 Wis. 675; *Richardson v. Turnpike Co.*, 6 Vt. 496; *Green v. Danby*, 12 id. 338; *Allen v. Hancock*, 16 id. 230; *Sessions v. Newport*, 23 id. 9; *Stickney v. Maidstone*, 30 id. 738; *Bardwell v. Jamaica*, 15 id. 438; *Cassedy v. Stockbridge*, 21 id. 391; *How v. Castleton*, 25 id. 163; *Hewison v. City of New Haven*, Am. Law Register, November, 1868, Judge REDFIELD's note; Rev. Stat. Vt. 200; Rev. Stat. Me. 1857, p. 227, § 61; R. S. Wis. ch. 19, § 120.

*Weymouth & Porter*, and *I. W. & G. W. Bird*, for respondent, in support of the instructions, cited Angell on Highways, 245, 250; 2 Hilliard on Torts, 497, 498; *Townsend v. Turnpike Road*, 6 Johns. 90; *Richardson v. Turnpike Co.*, 5 Vt. 580; *Willard v. Town of Newbury*, 22 id. 458; 24 id. 480; 2 Woodb. & Minot, 337; 6 Wis. 377; *Chamberlain v. R. R. Co.*, 7 id. 425, 527; *Stucke v. R. R. Co.*, 9 id. 202; *Hunter v. R. R. Co.*, 11 id. 160; *Achtenhagen v. Watertown*, 18 id. 351; *Langhoff v. R. R. Co.*, 19 id. 489; *Walker v. Town of Westfield*, 39 Vt. 246.

DIXON, C. J. The judgment in this case must be reversed, for error in that part of the instructions of the court to the jury, in which they were told that it was a question of fact for them to find, "whether the town did or did not use ordinary care to keep the highway in a safe condition for travel." It is to be observed that the statute creating the liability does not make it depend in any degree upon the question of diligence or a want of it on the part of the town. It declares that the town shall be liable "if any damage shall happen to any person, his team, carriage or other property, by reason of the insufficiency or want of repairs of any bridge, or sluice-way, or road," in such town. R. S. ch. 19, § 120. It is nevertheless true, as appears from many of the reported cases, that there may be circumstances in which the question of proper care or diligence on the part of

the town may be taken into consideration in determining its liability. This happens in those cases, and those only, where the highway has become suddenly insufficient or out of repair by reason of some action of the elements, such as winds, rains, floods, heavy falls of snow, and the like, and the question comes up whether the authorities of the town had notice, or sufficient time had elapsed for them, with reasonable diligence, to have acquired knowledge of the insufficiency, and to have put the road in repair, or by other means to have guarded against and prevented the injury. A somewhat similar question arises in those cases where there was some latent defect under the ground, which was not known, and was not discoverable, and damage has been sustained in consequence thereof. But these are exceptions to the liability of towns not expressed in the statute, but which seem fairly to be implied from it. They have grown up out of an equitable construction given by the courts in the course of judicial decision in the older states, from which we borrowed it. The object of the statute being to enforce the performance of a duty, it was considered that the town ought not to be held responsible so long as it was not in any manner at fault with respect to such performance. If, therefore, the highway, having once been put in proper condition, became, from any cause in the nature of those above stated, and without neglect on the part of the town, unexpectedly impassable or unsafe for travelers, and the town had had no reasonable time or opportunity to repair it, it has been held that the liability did not attach. For example, if the highway should be obstructed in the night time by the blowing down of a tree or the falling of a rock from the hillside, and a traveler, passing immediately thereafter, should be injured by such obstruction, there can be no doubt that, upon showing these facts, the town being in no default, they would constitute a valid defense to the action. Other

Ward vs. The Town of Jefferson.

examples of a less clear and positive character, where, upon the finding of a jury that it had been guilty of no negligence or want of proper care, the town would be excused, might also be given; but it is deemed unnecessary. Enough has been said to point out, and in some measure define, the class of cases in which the question of the exercise of ordinary care or caution on the part of the town arises. Enough has also been said to show that this is not a case of the kind. Here the defect or insufficiency, if the jury shall find that there was one, had existed for years, and from the time the road was first laid out and opened. It was visible and notorious, and one which the authorities of the town were bound to remove. It was, if it existed, a defect in the original construction of the highway, and showed that the duty prescribed by the statute never was performed by the town. In such a case, there is no ground for speculation on the part of court or jury, as to whether the town has exercised ordinary care. There can be no such thing as an exercise of ordinary care which will justify or excuse a plain and palpable disregard of duty. The fact that the highway was insufficient under such circumstances, which it is for the jury to determine, shows, beyond controversy or speculation, that ordinary care had not been exercised; and it is not in the province of the jury, after having found such fact, to excuse the town on the ground that such care had been exercised. The rule of law in cases like the present, and which is not in conflict with any of the adjudications, is correctly laid down by the supreme court of Vermont in *Prindle v. Fletcher* (39 Vt. 257), where the court say that they never understood that the liability of the town to pay damages for an injury caused by a defect in the highway was to be measured by the exercise of ordinary care and diligence. And, upon this question, see also *Clark v. Corinth* (41 Vt. 449). A *prima facie* case is made by the plaintiff when

he establishes the insufficiency, and an injury in consequence thereof.    If there be circumstances of excuse of the kinds above referred to, they are to be shown as matters of defense, and then the question of ordinary care and diligence on the part of the town may arise. But if there be no such circumstances, and no negligence on the part of the plaintiff at the time of the injury, and contributing to it, the liability of the town is absolute.

*By the Court.* — Judgment reversed, and a new trial awarded.