Maxwell, Respondent, vs. Town of Wellington, imp., Appellant.

*March 9—March 30, 1909.*

*Highways: Insufficiency: Personal injury: Location of defect: Amendment of complaint: Special verdict: Instructions to jury: Ground of action: Negligence: Remarks of court: Immaterial errors.*

1. In an action against two towns for injuries alleged to have been caused by a defect in an *east and west highway,* the stone constituting the defect was alleged to have been on the north and south town line between the towns. On the trial it appeared that such stone was about eighteen inches west of the town line, wholly within one town, and a nonsuit was granted as to the eastern town. It appeared also that the stone was within the limits of a north and south highway, wholly within the western town, at the point where it was intersected by the east and west road. *Held,* that it was not error to permit the complaint to be amended, after plaintiff had rested, so as to describe the defect as being in the *north and south highway* at the intersection of the east and west road, and to admit further evidence as to the location and condition of such north and south highway.

2. It was immaterial in such case whether plaintiff was traveling along or across the defective highway.

3. A question in the special verdict, "Was the highway at the place where and time when plaintiff was injured insufficient for public use?" is *held* to have fairly submitted the issues, so that it was not error to refuse to submit the question, "Was the road running north and south, where the same intersects the east and west road, insufficient for public travel?" although it was claimed that the defect was at a considerable distance from the north and south traveled track.

4. An instruction, relative to admissions testified to as having been made by certain of plaintiff's witnesses at the time of the accident, to the effect that such admissions are considered in law as the weakest kind of evidence, is *held,* even if not giving fully the law on the subject, not to have been prejudicial to defendant. If more specific instructions were desired by defendant they should have been requested.

5. There being evidence that the stone constituting the alleged defect was near the east line of the north and south road, but in

such close proximity to the traveled track at the point of intersection with the east and west road as to constitute a defect in the highway at such intersection, an instruction stating that "notwithstanding a road may contain a smooth traveled track of sufficient width, still, if there is an obstruction or declivity so close to the traveled track as to render the road or highway unsafe for those traveling thereon in the exercise of ordinary care, the highway may be insufficient," is *held*, though not entirely clear, not to have been harmful.

6. An instruction that the action is based upon negligence of the town authorities in failing to lay out, open, and keep in repair the highway so as to render it reasonably safe for travel, and that the jury were to determine under all the evidence whether such insufficient condition was not only negligence on the part of the defendant town, but also whether such condition was the proximate cause of plaintiff's injury, is *held* not to have been prejudicial to the defendant, although not strictly a correct statement of the law, in that the liability of the town does not rest upon its negligence but upon the statute declaring it liable if the damage happens by reason of insufficiency of the highway. MARSHALL, J., is of the opinion that, inasmuch as the action is not founded upon insufficiency of the highway as originally constructed but upon failure to keep it in repair, it was strictly correct, under the decisions of this court, to say that the action was based on negligence.

7. Language of the trial court, after giving instructions requested by the parties, "Now, I will come back to my own instructions," is disapproved but *held* not prejudicial error.

APPEAL from a judgment of the circuit court for Monroe county: J. J. FRUIT, Circuit Judge. *Affirmed.*

This action was brought against the towns of *Wellington* and Glendale, in Monroe county, Wisconsin, to recover damages alleged to have been sustained by the plaintiff on account of a defective highway. The action is predicated upon the alleged negligence of the towns in permitting a stone to remain in the highway, thus rendering such highway defective and insufficient. Upon the trial a motion for nonsuit was granted in favor of the town of Glendale, the evidence showing that the defect in the highway was wholly within the town of

*Wellington.*    Upon the trial the jury returned the following verdict:

"(1) Was the place where the accident happened within the limits of the town of *Wellington?*    *A.*  Yes.

"(2) Was the highway at the place where and time when plaintiff was injured insufficient for public use?    *A.*  Yes.

"(3) If you answer 'Yes' to the second question, did the defendant town have notice of such insufficiency, so that by the exercise of reasonable diligence it might have remedied it before the plaintiff was injured?    *A.*  Yes.

"(4) If you answer 'Yes' to the second and third questions, was such insufficient condition of the highway the proximate cause of plaintiff's injury?    *A.*  Yes.

"(5) Was plaintiff guilty of want of ordinary care which contributed to produce her injury?    *A.*  No.

"(6) Was Mr. Maxwell, the husband of this plaintiff, at the time of the accident to plaintiff, guilty of want of ordinary care which contributed to produce her injury?    *A.*  No.

"(7) In the event that the court shall finally determine that the plaintiff is entitled to recover, at what sum do you assess her damages?    *A.*  $725."

Motion for a new trial was made by the defendant and denied, and judgment for plaintiff ordered upon the verdict. Judgment was rendered accordingly, from which this appeal was taken.

Defendant assigns the following errors: (1) The court erred in refusing to submit to the jury in the special verdict the questions proposed by the appellant.    (2) The court erred in permitting the plaintiff to amend her complaint on the trial. (3) The court erred in instructing the jury as appears by the first, second, third, and fourth exceptions of the defendant to the charge.    (4) The court erred in admitting and excluding testimony against the objections of the defendant.

For the appellant there was a brief by *C. W. Graves,* attorney, and *Masters, Graves & Masters,* of counsel, and oral argument by *C. W. Graves.*

For the respondent there was a brief by *Graham & Graham,* and oral argument by *J. G. Graham.*

KERWIN, J.     It is first insisted that the court erred in permitting the complaint to be amended and in allowing further evidence after plaintiff had rested.   In the original complaint and notice the defect and place of injury were described as upon the highway leading from Kendall to Wilton.  This highway at or near the place of accident runs east and west. It was claimed that the stone constituting the defect was on the north and south town line separating the towns of Glendale and *Wellington* and in the highway.   Both towns were therefore charged with liability and sued jointly.   On the trial it appeared from the evidence that in fact the stone was located about eighteen inches west of the town line in the town of *Wellington*.   It further appeared from the evidence that this east and west highway formerly deviated to the northwest and struck the four corners of the towns of Glendale, *Wellington,* Clifton, and Wilton, and passed into the town of Wilton, and only touched the corner of the town of *Wellington*.   Afterwards, by reason of washouts, a part of this road was abandoned and a new road constructed, so that it hit the town line between Wilton and *Wellington* several rods west of the four corners.   This east and west road at the point of the accident intersected the north and south public highway in the town of *Wellington,* so that the stone in question causing the defect was in the north and south highway in the town of *Wellington,* and at a point where it was intersected by the east and west road constructed after the abandonment of the part of the old Wilton road before referred to.   The new road connecting with the north and south highway in the town of *Wellington* was a narrow road or dugway, so called, and struck the north and south highway in the town of *Wellington* at the point where the stone in question was situate, and crossed at such point of intersection by the so-called Kendall and Wilton highway in the town of *Wellington* and on the north and south public highway, which the town of *Wellington* was bound to keep in repair.   The change in the complaint

by the amendment was to describe the defect in the north and south highway at a point where the east and west road intersects said north and south road, but did not in fact change the location of the defect. The amendment was objected to and the objection first sustained, but subsequently the court allowed it and permitted further evidence to be offered after plaintiff rested.

There seems to be no doubt under the evidence but that the defect was in the north and south highway in the town of *Wellington* and at the point where said highway was intersected by the east and west road described in the complaint as originally drawn. So it seems plain that there was no error in allowing the amendment, nor in reopening the case for the purpose of allowing further evidence as to the location and condition of the north and south road. It is said by counsel for appellant that the amendment changed the cause of action in the midst of the trial, because the complaint as first drawn and the notice charged defect in one highway while the complaint as amended charged defect in another and wholly different highway which under the evidence was not defective and along which plaintiff was not traveling at the time of injury. Whether plaintiff was traveling along or across the defective highway is wholly immaterial. The highway in which the defect existed was wholly within the town of *Wellington,* as found by the jury. Upon the evidence in the case the jury was justified in finding the north and south highway located in the town of *Wellington* defective.

At the close of the testimony defendant requested the court to submit to the jury as part of the special verdict the following question: "Was the road running north and south, where the same intersects the east and west road, insufficient for public travel?" This was refused and this ruling is complained of, and it is insisted that the court failed to submit any question on this issue. This argument seems to be based upon the idea that because the stone was a considerable dis-

tance from the traveled track in going north and south on the
road, there was no defect, although the highway might be de-
fective at the crossing of the east and west road where the east
and west road passed over the town line into the public high-
way in the town of *Wellington*. The court submitted to the
jury the question whether the highway at the place where and
time when plaintiff was injured was sufficient for public use.
This, we think, fairly submitted the issuable facts to the jury.
But counsel says there were two highways involved—one the
dugway and the other the north and south road. The jury,
however, had only to deal with the highway within the limits
of the town of *Wellington* at this point and not the dugway
road in the adjoining town. There is no doubt whatever upon
the evidence but that the stone which constituted the defect
was well within the north and south highway, and the issuable
facts upon this point were whether such highway was insuffi-
cient for public use and whether it was within the limits of
the town of *Wellington*.

It is also contended that the court erred in its instructions
to the jury. Two brothers of plaintiff, Alex and John Henry,
were in charge of teams traveling along the road in question
just ahead of the team plaintiff was driving and were present
at the time of the injury. Two other parties, Grant and
Saxby, appeared immediately after the injury. They testified
to the effect that the Henry boys, or one of them, stated shortly
after the accident that the chain which locked the wheel broke
when plaintiff was coming down the hill and before the wheel
struck the stone. Upon this subject the court charged as fol-
lows:

"The defendant in this case has offered some two, possibly
more, witnesses—Mr. Saxby and Mr. Grant I particularly re-
fer to—you will remember who the witnesses were—as to cer-
tain admissions or statements alleged by the defendant to have
been made by one or more of the plaintiff's witnesses, and par-
ticularly, I think, by the Henry boys, Aleck and John. You
will remember who they are, and you will also remember the
statements or admissions or declarations made by them, if

any, to the said Saxby and Grant. Those statements are alleged—some of them at least—to have been made to the said Saxby and Grant concerning some matters as to the manner in which the accident is said to have occurred on the part of these witnesses, the Henry boys. Now, it is laid down in the books of law that the admissions of parties or witnesses are always admissible, but such admissions, declarations, or statements so made are considered the weakest kind of testimony that can be produced. The reason or some of the reasons for terming it the weakest kind of evidence is this: That a person who has testified on the stand to admissions, statements, or declarations made by some other party to him may not have been thoroughly understood at the time they were made. He may not have fully understood just what some of the declarations or admissions referred to after a lapse of a year and a half or so. He may have forgotten some, even if he did understand them at the time, and from such considerations the law has placed upon such admissions, although permissible to be given and to be considered by the jury for what they are worth,—the law terms them as the weakest kind of evidence."

In the first place, the admissions were not the admissions of plaintiff, and it is at least doubtful from the evidence whether she understood or assented to them. She was suffering from the injury at the time they were made, and a part of the time was unconscious. In order to charge her with responsibility for such admissions she must at least have heard, understood, and assented to them, either expressly or impliedly. This is by no means clear from the evidence. We think the charge was not prejudicial, and sufficiently favorable to the defendant under the evidence. The main complaint against it is that it was not sufficiently specific, in that, while the court told the jury that such admissions are the "weakest kind of evidence," still they were not given "all the law on the subject" and told when admissions are strong evidence. But if counsel desired more specific instructions upon the subject he should have requested them. *Murphy v. Martin,* 58 Wis. 276, 16 N. W. 603; *Nash v. Hoxie,* 59 Wis. 384, 388, 18 N. W. 408

The following instruction is complained of:

"Notwithstanding a road may contain a smooth traveled track of sufficient width, still, if there is an obstruction or declivity so close to the traveled track as to render the road or highway unsafe for those traveling thereon in the exercise of ordinary care, the highway may be insufficient."

There is evidence that the defect in question was near the east line of the north and south road, but in such close proximity to the traveled track at the point of intersection with the east and west road as to constitute a defect at the intersection of the roads and in the highway within the town of *Wellington,* and the obvious purpose of the instruction was to meet this situation. While the instruction was not as clear as it might have been, we think there was no harmful error in it. *Carpenter v. Rolling,* 107 Wis. 559, 83 N. W. 953.

It is insisted that the court erred in the following instruction:

"This action on the part of the plaintiff is based upon the ground of negligence in the failure on the part of the town authorities, whose duty it is to look after the maintenance and repair of its highways, in failing to lay out, open, and keep in repair such highway so as to render it reasonably safe for travel. You are called upon to consider and determine under all the evidence in this case and under this particular question whether or not such insufficient condition was not only negligence on the part of the defendant town, but also whether such insufficient condition of the highway was the proximate cause of plaintiff's injury."

This instruction is complained of because the court submitted the question of proximate cause and also whether the town was guilty of negligence, and it is contended that the question of proximate cause was the only one which might have been properly submitted, and that by the submission two independent issues were required to be found by one answer, and that the only conclusion the jury could come to was that the question of whether the stone was the proximate cause was determined by the existence of negligence of the town. The instruction is subject to criticism. The liability does not rest

upon negligence of the town, but upon its statutory liability for insufficiency of the highway. The statute creating the liability does not make the liability depend upon the diligence or want of diligence on the part of the town, but declares that the town shall be liable if the damage shall happen by reason of insufficiency or want of repair. *Ward v. Jefferson,* 24 Wis. 342. To tell the jury as the court did that the action was based upon negligence and that they were to determine whether the insufficient condition was negligence on the part of the town and whether such insufficient condition was the proximate cause of the injury was not strictly a correct statement of the law. *Ward v. Jefferson, supra; Fehrman v. Pine River,* 118 Wis. 150, 95 N. W. 105. But we are convinced that the instruction was not prejudicial. It was perhaps more favorable to the defendant than to the plaintiff. It required the jury, in effect, to find not only proximate cause, but negligence as well; while under the general charge and special verdict, in order to find for the plaintiff they were also required to find that the highway was insufficient for public use. Therefore there was no reversible error in the charge.

After completing the instructions requested the court said: "Now, I will come back to my own instructions." This language is claimed to be prejudicial error. This court has had occasion to criticise language similar to the above used by the trial court, but held it not to amount to prejudicial error. *Wysocki v. Wis. Lakes I. & C. Co.* 121 Wis. 96, 98 N. W. 950; *Miller v. State,* 139 Wis. 57, 119 N. W. 850. Such language should not be used by the trial court, but we cannot say it was prejudicial in this case. We find no reversible error in the record.

*By the Court.*—The judgment of the court below is affirmed.

The following opinion was filed April 9, 1909:

MARSHALL, J. There are parts of the court's opinion with which I cannot agree and which I feel certain would not have

been allowed to pass with approval had accuracy thereof been so challenged as to have brought the matter definitely to the minds of my brethren.

In order to appreciate what I shall say it must be remembered that this action was not grounded on insufficiency of the highway in its original construction, but on failure, after such construction, to keep the way in a reasonably safe condition. So the jury were asked to pass, first, upon the issue as to insufficiency; second, in case of insufficiency being found, to pass upon the issue as to whether defendant had notice thereof a sufficient length of time before the accident to enable it, prior thereto, to remedy the defect by the exercise of reasonable diligence; and, third, in case of both insufficiency and such notice existing, to pass upon the issue of whether the former was the proximate cause of the accident.

Thus, it will be seen, the accident was not attributed to failure to perform the absolute duty as to original construction, made negligence as matter of law, but to failure to perform the secondary duty as to reasonable diligence to keep the way reasonably safe. That must be kept in mind, since, as we shall see, while in one class of cases proof of insufficiency proves negligence and, in a sense, such situation does not involve any question of ordinary care, in the other, to which this belongs, it does not prove negligence. In the latter there must be satisfactory proof of failure to exercise ordinary care to keep the highway safe, or, in other words, of negligence in the plain, ordinary sense.

Now, as indicated in the court's opinion, when the learned trial judge instructed the jury as to the question of proximate cause, he said:

"This action on the part of the plaintiff is based upon the ground of negligence in the failure on the part of the town authorities, whose duty it is to look after the maintenance and repair of its highways, in failing to lay out, open, and keep in repair such highway so as to render it reasonably safe for travel. You are called upon to consider and determine under

all the evidence in this case and under this particular question whether or not such insufficient condition was not only negligence on the part of the defendant town, but also whether such insufficient condition of the highway was the proximate cause of plaintiff's injury."

It were better nothing had been said at this point about negligence, because whether there was or was not that element turned on the issue of fact covered by the interrogatory as to insufficiency and the one as to notice. But, plainly, the negligence referred to was failure to exercise reasonable diligence to remedy a created insufficient condition of the highway. It was not spoken of as a matter to be passed upon in answering the question as to proximate cause independently of affirmative findings on the subject of insufficiency and want of proper diligence to repair. Not noting that, as it seems, nor the distinction between insufficiency in original construction and want of subsequent diligence to repair, this language was used in the opinion:

"The instruction is subject to criticism. The liability does not rest upon negligence of the town, but upon its statutory liability for insufficiency of the highway. The statute creating the liability does not make the liability depend upon the diligence or want of diligence on the part of the town, but declares that the town shall be liable if the damage shall happen by reason of insufficiency or want of repair. *Ward v. Jefferson,* 24 Wis. 342. To tell the jury as the court did that the action was based upon negligence and that they were to determine whether the insufficient condition was negligence on the part of the town and whether such insufficient condition was the proximate cause of the injury was not strictly a correct statement of the law. *Ward v. Jefferson, supra; Fehrman v. Pine River,* 118 Wis. 150, 95 N. W. 105. But we are convinced that the instruction was not prejudicial. It was perhaps more favorable to the defendant than to the plaintiff. It required the jury, in effect, to find not only proximate cause, but negligence as well; while under the general charge and special verdict, in order to find for the plaintiff they were

also required to find that the highway was insufficient for public use.   Therefore there was no reversible error in the charge."

Such language is faulty in several respects.   There was no general charge and special verdict as to finding for the plaintiff.   There were special instructions directed to special questions.   Again, the finding that the highway was insufficient did not of itself render the town liable subject to a finding on the subject of proximate cause.   There was left the matter of reasonable diligence to repair to which the element of negligence in the instruction referred, necessarily, as covered by the previous question.   The jury were not required to pass upon the subject of proximate cause unless they found the want of diligence covered by such previous question, or in other words, found negligence.   So the court said, unnecessarily, of course, as the negligence was covered by the previous question,—"Under this question you are to determine not only whether defendant was negligent, but whether such negligence was the proximate cause," etc.

The statement in the opinion, especially as applied to a case like this: the liability does not rest upon diligence or want of diligence of the town, but upon its statutory liability for insufficiency of the highway,—is contrary to what this court has repeatedly said.   In support of the declaration the writer of the opinion cited *Ward v. Jefferson,* 24 Wis. 342.   It was overlooked that the case holds contrary to the court's present deduction therefrom.   It is to the plain effect that while failure to properly make a highway in the first instance is negligence as matter of law, because the duty to do so is absolute, the primary duty having been performed, the secondary one as to keeping the way sufficient involves ordinary care.   After referring to such primary duty, Dixon, C. J., said:

"It is nevertheless true, as appears from many of the reported cases, that there may be circumstances in which the question of proper care or diligence on the part of the town may be taken into consideration in determining its liability.

This happens . . ." where "the question comes up whether the authorities of the town had notice, or sufficient time had elapsed for them, with reasonable diligence, to have acquired knowledge of the insufficiency, and to have put the road in repair, or by other means to have guarded against and prevented the injury."

The learned chief justice went on to say that 'the instances involving want of reasonable care are *exceptions to the liability of towns not expressed in the statute, but depending upon that equitable construction of it given by this court, following decisions in states from which our statute was borrowed.'* After giving several instances of such exceptions the court said:

"Other examples of a less clear and positive character, where, upon the finding of a jury that it [the town] had been guilty of no negligence or want of proper care, the town would be excused, might also be given; but it is deemed unnecessary. Enough has been said to point out, and in some measure define, the class of cases in which the question of exercise of ordinary care or caution on the part of the town arises."

Probably enough has been said to demonstrate that *Ward v. Jefferson, supra,* as before stated, is contrary to the court's present suggestion, but I will reinforce it by subsequent cases of the same sort: *Boltz v. Sullivan,* 101 Wis. 608, 77 N. W. 870; *Peake v. Superior,* 106 Wis. 403, 82 N. W. 306; *Fehrman v. Pine River,* 118 Wis. 150, 95 N. W. 105. The court in the second case cited, speaking by the present chief justice, defined *Ward v. Jefferson, supra,* thus:

"It seems to have been thought by counsel that there has been a change in the position of this court upon this subject since the case of *Ward v. Jefferson,* 24 Wis. 342. That case simply held that, where a highway was defectively constructed by the municipality, the statutory duty never had been performed, and the liability of the municipality for injuries resulting from such defect to travelers exercising ordinary care was absolute. Such a defect being established, the negligence of the town is conclusively proven, and the jury cannot find that ordinary care has been exercised. On the other hand, it

was said in that case, in substance, that if the highway was
originally constructed with reasonable safety, but afterwards
became defective by action of the elements or the act of a third
person, and a traveler was injured thereby, the question of
whether the municipal officials had notice of the defect, or
had exercised ordinary and reasonable care and diligence in
inspecting the highway and repairing the defect, arises, and
must be decided.  In other words, the duty to make the street
reasonably safe in its original construction is absolute; but the
duty to discover and repair defects afterwards occurring, not
by acts of the municipality, is one involving only ordinary
and reasonable care and diligence.   This latter duty may
properly be called the duty to exercise ordinary care, if the
term 'ordinary care' be properly defined."

Later, in the last case cited, the court said the doctrine that
the duty of a town to keep its highways reasonably safe is
"not to be measured by the rule of reasonable diligence," has
no application to a case of this sort.  Following the logic of
our decisions, in the main, and overruling some expressions in
exceptional cases out of harmony therewith, the court held
that proximate cause involving the element of negligence is as
essential to a recovery under sec. 1339, Stats. (1898), as in
any ordinary action based on negligence.  Negligence of the
town, however, as before indicated, in a case involving insuffi-
ciency in original construction, depends solely upon whether
the highway was reasonably safe.

So I cannot escape the conclusion that—to tell the jury, as
the trial court did, that the action was based upon negligence
and that they were to determine whether the insufficient con-
dition was negligence on the part of the town, and whether
such insufficient condition was the proximate cause of the in-
jury, was strictly correct.   The only difficulty with the in-
struction is in that the jury should not have been told they
were to pass on the issue of negligence in answering the ques-
tion as to proximate cause.   That was passed upon in answer-
ing the previous question.   However, the inaccuracy was
harmless.  Proximate cause was found, necessarily, under the

fourth question, and liability subject thereto was found, not by the finding of insufficiency, in answer to the second question, but by that and the finding of failure to exercise ordinary care, the negligence upon which the case was grounded, in answer to the third question.