Vollmer v. Fairbanks, 146 Wis. 630.

VOLLMER, Appellant, vs. TOWN OF FAIRBANKS, Respondent.

*September 12—October 3, 1911.*

*Highways: Defects: Injury to traveler: Contributory negligence: Instructions to jury: Proximate cause: Failure to define ordinary care: Appeal: Harmless errors.*

1. In an action for personal injuries alleged to have been caused by defects in a highway, the charge to the jury as to contributory negligence (stated in the opinion) is *held* to have substantially and fairly covered that issue.
2. A requested instruction in such case, to the effect that a traveler has a right to presume that the highway is in a reasonably safe condition and is not called upon to look specially as to whether it is safe and free from defects, was objectionable, since it might be understood by the jury as absolving the traveler from all obligation to look at the highway over which he is passing. *Wall v. Highland*, 72 Wis. 435, distinguished.
3. In order that negligence of the plaintiff or of the driver of the vehicle in which she was riding on a highway might be found to have contributed proximately to cause an injury to plaintiff, it was sufficient that an injury to some person should reasonably have been anticipated as a probable result of such negligence, and it was not necessary that injury to the plaintiff specially should have been anticipated.
4. An omission, in the charge to the jury, to define "ordinary care" is *held* in this case not to have been prejudicial to the plaintiff, although such a definition was included in a requested instruction which the court refused to give.

APPEAL from a judgment of the circuit court for Shawano county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

Action for personal injuries resulting from a defective highway.

The plaintiff, a woman of forty years, was riding in a two-seated buggy drawn by two horses, over a corduroy road in the defendant town with six other persons, two of whom were children. She claims that the wheels of the buggy suddenly dropped down into a deep hole in the wheel track on one side of the road, and that she was thrown out and the hind wheel

of the buggy passed over her body, seriously injuring her. The defendant denied by answer all the allegations of the complaint and charged the plaintiff with contributory negligence.

The jury returned the following special verdict:

"(1) Was the plaintiff injured by falling from a buggy at the time and place described in the complaint? A. (by the court). Yes.

"(2) Was the highway at the place where the plaintiff was injured in an unsafe and defective condition for public travel? A. Yes.

"(3) Was such defective condition of the highway the proximate cause of the plaintiff's injury? A. Yes.

"(4) If you should answer both the second and third questions 'Yes,' then answer this: Did the officers of said town know of the said insufficiency and want of repair a sufficient length of time before the injury to have enabled them by the exercise of ordinary care to have repaired it? A. No.

"(5) Had said insufficiency or want of repair existed for a sufficient length of time prior to April 19, 1908, to have enabled the officers of said town charged with the duty of attending to such matters, by the exercise of ordinary care to have discovered it and repaired said highway? A. No.

"(6) Was the plaintiff guilty of any want of ordinary care which contributed to produce the injury received? A. Yes.

"(7) What sum of money will compensate the plaintiff for the injury she received? A. $50."

Upon this verdict judgment for the defendant was rendered, and the plaintiff appeals.

For the appellant there was a brief by. *Eberlein & Eberlein,* and oral argument by *M. G. Eberlein.*

*P. J. Winter* and *E. V. Werner,* for the respondent.

WINSLOW, C. J. The assignments of error are quite numerous, but we do not find it necessary to consider all of them. The jury found both that the town had no notice of the defect and that the plaintiff was guilty of contributory negligence. If either of these findings was made without prejudicial error

the judgment must be affirmed, notwithstanding the fact that there may have been errors committed in rulings upon other questions.

It is the opinion of the court that the finding of contributory negligence was made without prejudicial error. The charge of the court upon this question was as follows:

"The sixth question is: 'Was the plaintiff guilty of any want of ordinary care which contributed to produce the injury received?' On that question the defendant has the burden of proof. In your answer to that question you must find, in order to answer it by 'Yes,' you must find that the plaintiff was so guilty by a fair preponderance of the evidence. The question involves whether the plaintiff or anybody acting for her was guilty of any act of negligence or any failure to act which contributed to the injury received. The defendant claims in this case that the buggy was overloaded; that there were seven persons and a keg of beer in it, etc., and that it was so overloaded that it was dangerous *per se,* or that any injury was likely to result with the buggy so overloaded. It is also claimed by the defendant that the driver, the son of the plaintiff, who was driving, the defendant claims, was negligent in driving. You have heard the evidence on that subject, and it will be for you to determine whether, under all the circumstances of the case which have developed, the driver was negligent and contributed to the injury which the plaintiff received. If he was not guilty of any negligence and did not have anything to do with the injury she received, then it was not contributory negligence. You must find him guilty of contributory negligence which contributed to the injury she received before you can answer that question by 'Yes.' "

It is considered by the court that this charge substantially and fairly covered the considerations properly to be submitted to the jury in connection with the question of contributory negligence.

The plaintiff requested the following instructions upon this question:

"17. Now the law requires a traveler on a highway to exercise ordinary care for his own protection, and as I said before, ordinary care is such as the great mass of mankind of

ordinary care and prudence would exercise under the same and similar circumstances. Did the driver exercise such care in driving over the highway with the rig he had? If he did not, then you will answer this question in the affirmative. There is no pretense in this case that the plaintiff herself was guilty of any want of ordinary care. The question relates to the driver with whom she was riding. Now, as to this question, the burden of proof is upon the defendant. You cannot find that there was any want of ordinary care on the part of the driver, unless the testimony as a whole satisfies you to a reasonable certainty that there was. On all other questions the burden of proof is upon the plaintiff, and there must be a fair preponderance of testimony satisfying you to a reasonable certainty that the fact is as she claims it. It is the reverse, as to this, and the burden of proof is upon the defendants.

"18. You will take into consideration, in answering this question as to whether the plaintiff was guilty of any want of ordinary care which contributed to the injury, the fact that persons traveling over a public highway have a right to presume that it is in a reasonably safe condition for travel, and a traveler is not called upon to look especially as to whether the highway is in a sufficiently safe condition and free from defects. He has a right to presume that it is.

"19. In answering this question you will exclude from your consideration the evidence given upon trial that shortly before the happening of this injury other people drove over the road in question at the place the plaintiff was injured with loads of lumber and other products, and found no difficulty in passing and noticed no defects, and also exclude from your consideration the testimony given upon the trial that on the 22d day of April, 1908, the chairman of the town with other witnesses drove over to the place in question at a trot. The testimony which the court asks you to exclude was not admitted for the purpose of being taken into consideration in answering this question.

"20. In order to answer this question in the affirmative you must find that such want of care, if you so find, was not a contributing cause to produce the injury, unless there was an approximate connection between such injury and such want of care. By approximate connection is meant that it must ap-

pear that there was such a relation between plaintiff's fault and the injury, that such injury was natural and probable result thereof, and that an accident and consequent injury *to the plaintiff* might naturally and reasonably have been expected under the circumstances."

There are a number of inaccuracies in these requested instructions. The statement that there is no pretense that the plaintiff herself was guilty of want of ordinary care, and that the question relates only to the driver, can hardly be justified. The answer charges contributory negligence on the part of the plaintiff herself, and it is quite evident that there might be ample ground for a finding that the buggy was overloaded and that the plaintiff was negligent in consenting to ride over a corduroy road in an overloaded buggy. In the absence of affirmative showing to the contrary, we must accept the statement of the trial judge that the claim was made that the buggy was overloaded.

It is true that this court has approved an instruction in such a case to the effect that the traveler has a right to presume that the road is in a reasonably safe condition (*Wall v. Highland,* 72 Wis. 435, 39 N. W. 560), but in the case cited the principle is stated in immediate connection with the important qualification that he must use such care as the great mass of people of ordinary care would exercise under like circumstances. There is no such qualification stated here in that immediate connection, but on the contrary it is said that the traveler is not called on to look specially as to whether the highway is safe and free from defects. This might perhaps be understood by the jury as absolving the traveler from all obligation to look at the highway over which he is passing, and is certainly not to be commended.

The proposed instruction numbered 20 is clearly inaccurate and misleading. The first sentence is very confusing in its construction; the word *approximate* is erroneously used when *proximate* is meant. But the most serious defect lies in the fact that it requires that an injury *to the plaintiff* must have

been naturally and reasonably anticipated. This prescribes too strict a rule; it is only requisite that some injury to some person should reasonably be anticipated as the probable result. If the driver or the plaintiff should have anticipated an injury to any of the occupants of the vehicle, it sufficed; it was not necessary that injury to the plaintiff specially should be anticipated. *Meyer v. Milwaukee E. R. & L. Co.* 116 Wis. 336, 93 N. W. 6.

There is undoubtedly one correct proposition in the requested instructions which was not covered in any way by the court, and that is the opening clause defining ordinary care. To the writer and to Mr. Justice BARNES it seems very doubtful whether the refusal to give this well understood and vital principle of law in any form can be said to be nonprejudicial; but the other members of the court being clearly of opinion that the substantial rights of the plaintiff have not been affected by any omission in this or other respects in the charge, the judgment must be affirmed.

*By the Court.*—Judgment affirmed.