GILBERT, Appellant, vs. WITTENBERG, Respondent.

*January 13—February 9, 1926.*

*Automobiles: Collisions at intersections: Violation of statute: Proximate cause.*

1. Evidence showing, among other things, that plaintiff was driving his automobile at a speed of twenty-five to thirty miles an hour where his view was obstructed, shows as a matter of law his negligence at a highway intersection, so as to defeat recovery for a collision with defendant's motor truck, which had the right of way. p. 183.

2. Whether the truck driver's violation of the statute in failing to keep to the right of the center of the intersection in making a left turn was the proximate cause of the collision so as to prevent a recovery is a question for the jury; and it was error to direct that defendant could not recover, a mere violation of the statute, without causal connection with the injury, being insufficient to prevent recovery.    p. 184.

APPEAL from a judgment of the circuit court for Waukesha county: C. M. DAVISON, Circuit Judge. *Affirmed on plaintiff's appeal; reversed on defendant's review.*

This action involves a collision near the intersection of Greenfield avenue or highway 41 and the county loop or Barnekow avenue in Milwaukee county, on the afternoon of July 14, 1924. Each has an eighteen-foot concrete roadway. A filling station and other objects at the northeast corner considerably obstruct the view. Plaintiff was driving his Buick automobile, approaching the intersection from the east on the north side of the concrete roadway, down grade and at a speed, according to his testimony on the trial, of twenty-five miles per hour, more or less, and on examination before trial at twenty-eight to thirty miles per hour. He testified that when a few feet to the east of the intersection he could not see more than forty feet to the north on Barnekow avenue and that he did not see defendant's vehicle until they were about fifty feet apart.

Defendant's loaded five-ton Sterling truck was being driven by driver Jorgenson south on Barnekow avenue at a speed of five to six miles, intending to turn and continue to the east on highway 41. The collision was between the right rear wheel of plaintiff's automobile and the right front wheel of defendant's truck, and both were seriously damaged. At the close of the testimony before a jury and on motions by the respective parties, the court held as a matter of law, and so directed the verdict, that neither party could recover as against the other.

The plaintiff appeals from so much of the judgment as dismissed the plaintiff's complaint; the defendant gave notice of motion to review so much of the judgment as dismissed defendant's counterclaim.

The cause was submitted for the appellant on the brief of *Glicksman, Gold & Corrigan,* attorneys, and *Ray T. McCann,* of counsel, all of Milwaukee.

For the respondent there was a brief by *McGovern, Lyons, Curtis, Devos & Reiss* of Milwaukee, and oral argument by *F. E. McGovern.*

ESCHWEILER, J.   A more detailed discussion of this accident is deemed unnecessary.   The record satisfies us that the court was right in holding as a matter of law that under the situation—the obstruction to the view; plaintiff's rate of speed; defendant's driver having the right of way; the evident want of proper control of his car by plaintiff,—such negligence by plaintiff was shown as to defeat his claim of right to recover.   *Smith v. Taylor-Button Co.* 179 Wis. 232, 236, 190 N. W. 999; *Bertschy v. Seng,* 181 Wis. 643, 195 N. W. 854.

The granting of a similar motion as against defendant was predicated solely on the ground that defendant's driver failed to keep to the right of the center of the intersection on making the turn to the east.

On examination before trial defendant's driver testified as to his manner of making the turn and indicated the line he followed, on a sketch of the premises.   The turn so indicated was to the right of the intersection and therefore proper under the statute.   Such sketch was offered in evidence on the trial by plaintiff's counsel.   On the trial the driver indicated his course on another sketch, which as so indicated brought him to the left of the intersection, and he testified that he did cut such corner in making the turn.   On

further examination, however, he testified that by the expression "cutting the corner" he meant the same as by the expression "turning the corner."

We think the trial court was in error in holding as a matter of law that the negligence of the defendant's driver in turning to the left instead of to the right of the intersection, if such he did, thereby violating the statutory rule, was sufficient to defeat a recovery on the counterclaim.  Under a situation showing a violation of the statute in question, whether it is a proximate cause of the injury is ordinarily for the jury, and we think it was so in this case.  Mere violation of the statute is not enough,—there must also be a causal connection between such violation and the injury. *Smith v. Taylor-Button Co.* 179 Wis. 232, 236, 190 N. W. 999, *supra.*  The jury might have found under this record that the turn, wherever made, was not a proximate cause of the collision.  There should be a new trial on this issue.

*By the Court.*—Judgment affirmed on plaintiff's appeal and reversed on defendant's review for further proceedings.