MORLEY, Respondent, vs. CITY OF REEDSBURG, Appellant.

*April 14—May 9, 1933.*

For the appellant there were briefs by *H. E. Kjorstad,* city attorney, and *Grady, Farnsworth & Walker* of Portage of counsel, and oral argument by *Walter H. Farnsworth.*

For the respondent there was a brief by *Bentley & Frenz* of Baraboo, and oral argument by *J. W. Frenz* and *Frank R. Bentley.*

Fritz, J.   On the evening of July 14, 1931, plaintiff, driving his automobile, at the rate of fifteen miles per hour, south on Laurel avenue, which was twenty-eight feet wide, intended to turn east into Third street, which was thirty feet wide.   He drove on the east half of Laurel avenue as he approached Third street and cut the corner of the intersection so short that the left front and rear wheels of his automobile ran into a depression, encircling the street side of a catch-basin, which was at the inner edge of the curb at the northeast corner.   The depression was from three to four feet in length, two feet in width, and fifteen inches in depth below the traveled surface of the street.   The top of the catch-basin was ten inches above the bottom of the depression and five inches below the level of the traveled portion of the street at the outer edge of the depression.   Upon running into the depression the tires on the left front and rear wheels blew out and the axles, spindles, and steering apparatus were bent and damaged.   Plaintiff could not stop his automobile until it had gone about thirty-three feet beyond the catch-basin.

The first question submitted in the special verdict was:

"Was there any negligence on the part of defendant city of Reedsburg, or its officers or employees, at or about the time and place of the accident, as to the condition of the street intersection in question?"

The jury answered that question "Yes;" and in answer to the second question found that the city's negligence was a cause of the accident.

The third question in the verdict was: "Was there any negligence on the part of plaintiff Morley that contributed to the accident?" That question was answered "Yes" by the court, without then specifying what acts or conduct on plaintiff's part constituted the contributory negligence.

In answer to another question submitted, the jury found that plaintiff's negligence was as great as the negligence of the defendant. On motions after verdict the court changed its answer to the third question from "Yes" to "No." As a result of that change there was no longer any finding as to negligence on plaintiff's part, and no basis in the verdict for the question as to the comparative negligence of the parties, which had been answered by the jury in favor of defendant. Upon the verdict, as thus altered by the court, judgment for plaintiff was entered and defendant appealed.

In relation to the change of the court's answer to the third question, by which it finally absolved plaintiff from any contributory negligence, the court stated that it had first found to the contrary on the assumption that plaintiff was guilty of such negligence, as a matter of law, because he had "violated the rule of the road requiring him to 'pass immediately to the left of the center of the intersection, passing as closely as practicable to the left of the center of the intersection'" (sec. 85.17 (2), Stats.), although he had a space of twenty-one feet between the center of the intersection and the edge of the catch-basin within which to turn to the left. In that connection, the court concluded that, although the violation of the statute constituted negligence as a matter of law, there was no causal connection in a legal sense between the violation and the accident because of which that violation can be held to have contributed to the accident.

In so far as that violation is concerned the court was not in error. It is well settled that, although violation of a safety statute constitutes negligence, nevertheless, in order to constitute liability, there must be a causal relation between the violation and the injury. *Riggles v. Priest,* 163 Wis. 199, 203, 157 N. W. 755; *Kadolph v. Herman,* 166 Wis. 577, 166 N. W. 433; *Steinkrause v. Eckstein,* 170 Wis. 487, 175 N. W. 988; *Smith v. Taylor-Button Co.* 179 Wis. 232, 236, 190 N. W. 999; *Gilbert v. Wittenberg,* 189 Wis. 181, 184, 207 N. W. 264. Furthermore, it is improbable that the interest of a municipality in the performance of its statutory duties in the maintenance of highways was intended to be protected by sec. 85.17 (2), Stats. That statute was only intended to regulate and affect the relative rights of users of the highway, as between them. Consequently, the rights and liabilities of the respective parties to this action are to be determined in accordance with other law. *Osborne v. Montgomery,* 203 Wis. 223, 240, 234 N. W. 372; *Wilke v. Milwaukee E. R. & L. Co.* 209 Wis. 618, 245 N. W. 660; *Rampon v. Washington Water Power Co.* 94 Wash. 438, 162 Pac. 514.

However, in substance, the third question in the verdict, and the court's finding as it originally answered that question, were not confined to finding that there was contributory negligence, merely in respect to the violation of the statute. The scope of the words "any negligence" in the question, as originally submitted and answered "Yes," was so extensive that the inquiry and the finding could rightly be deemed to also include negligence in respect to plaintiff's lookout, speed, control and management, and the position of his automobile on the highway. His conduct and acts, as disclosed by the evidence, were such that the jury could have found him guilty of contributory negligence in any or all of those respects. His negligence in those respects was as fully involved under the question as submitted and answered origi-

nally, as was his violation of the statute. As there was nothing to indicate at the time that in answering the question "Yes" the court had in mind solely plaintiff's violation of the statute, and that answer unexplained could well be considered as a favorable finding for defendant, as to contributory negligence in all of the other respects stated above, there was then no occasion for defendant's counsel to request separate questions and findings as to plaintiff's negligence in each of those respects. When, after the verdict, the court concluded that it had erred in assuming that the statutory violation could be held to constitute contributory negligence as a matter of law, it rightly set aside its original answer. However, it was error to hold, in that connection, that plaintiff was not guilty of any contributory negligence, as a matter of law. That ruling erroneously deprived the defendant of its right to have the jury pass upon the issues, which existed under the evidence, as to contributory negligence in the other respects stated above.

Contributory negligence was in issue under the pleadings and the evidence. Although there was no express, affirmative assertion in the answer that negligence on the part of plaintiff contributed to the accident, that issue was sufficiently raised by defendant's denial of the allegation in the complaint as to the manner in which plaintiff was driving, viz. that he was traveling with due care. Likewise, that issue was clearly involved under the evidence, received without objection, as to the width of the streets, which afforded ample room for turning without cutting the corner and running into the depression; the size and depth of the depression, and of the catch-basin, below the street surface; the length of time those conditions had existed, and plaintiff's familiarity with conditions at that intersection; the street illumination, and the absence of any other traffic; plaintiff's approach on the left half of the street, and continuing at the rate of fifteen miles per hour while turning the corner; the

force with which he struck the depression and catch-basin, causing the blowing out of two tires and the bending of both axles, the spindles, and the steering-wheel rod; and the momentum at which his automobile continued, because of which he could not stop until he was thirty-three feet beyond the catch-basin. In view of those facts and circumstances the issue of contributory negligence was certainly in the case.

It follows that defendant is entitled to a new trial. In that connection, it should be noted that the first question in the special verdict was not in the form usually submitted in actions to hold a municipality liable for damage caused by the insufficiency or want of repair of its streets. In such actions the test of liability usually is whether the highway was "insufficient," or in "want of repairs," within the meaning of the statute. *Maxwell v. Wellington,* 138 Wis. 607, 120 N. W. 505; *Padden v. Milwaukee,* 173 Wis. 284, 181 N. W. 209. As was said in *Carpenter v. Rolling,* 107 Wis. 559, 566, 83 N. W. 953:

"The statute creating liability for accidents upon highways (sec. 1339, Stats. 1898) provides for a recovery in case of damage caused by 'the insufficiency or want of repairs' of any bridge or road. Both in the special verdict and the charge of the court in this case the question submitted to the jury is whether the highway was 'defective and unsafe.' While we are not prepared to say that this expression is not substantially equivalent to the expression 'insufficient' or 'out of repair,' we should think it better if the statutory terms were used, especially in view of the fact that the liability is purely statutory."

Proper special verdict questions, in this respect, appear in *Maxwell v. Wellington, supra; Vollmer v. Fairbanks,* 146 Wis. 630, 132 N. W. 542; *Belstner v. Sumner,* 157 Wis. 556, 147 N. W. 1072; *Kadolph v. Herman, supra.*

Defendant contends that the Comparative Negligence Act, sec. 331.045, Stats., does not apply in this action and that

any contributory negligence whatsoever on the part of plaintiff will entirely defeat recovery. That contention, in turn, is based upon the contention that sec. 331.045, Stats., is applicable only when negligence on the part of the defendant is the basis of an action, and that in cases under sec. 81.15, Stats., to recover damages sustained by reason of the insufficiency or want of repair of any highway, etc., liability does not rest upon negligence.

The legal consequence of imposing liability, by virtue of sec. 81.15, Stats., upon municipalities for damage sustained by reason of the insufficiency or want of repair of any highway, etc., is to make the failure to construct, in the first instance, a highway which is sufficient, negligence as a matter of law. "Such a defect being established, the negligence of the town is conclusively proven, and the jury cannot find that ordinary care has been exercised." *Peake v. Superior,* 106 Wis. 403, 409, 82 N. W. 306; *Ward v. Jefferson,* 24 Wis. 342; *Boltz v. Sullivan,* 101 Wis. 608, 614, 77 N. W. 870; and dissenting opinion in *Maxwell v. Wellington,* 138 Wis. 607, 618, 120 N. W. 505. In thus concluding that the failure to construct, in the first instance, a highway free from insufficiency constitutes negligence as a matter of law, the situation is analogous to the conclusion that failure to comply with a safety statute constitutes negligence as a matter of law. *Ludke v. Burck,* 160 Wis. 440, 152 N. W. 190; *Mossrud v. Lee,* 163 Wis. 229, 157 N. W. 758; *Steinkrause v. Eckstein, supra; Knecht v. Kenyon,* 179 Wis. 523, 192 N. W. 82; *Osborne v. Montgomery, supra; Edwards v. Kohn,* 207 Wis. 381, 241 N. W. 331.

On the other hand, as was furthermore said in *Peake v. Superior, supra:*

"If the highway was originally constructed with reasonable safety, but afterwards became defective by action of the elements or the act of a third person, and a traveler was in-

jured thereby, the question whether the municipal officials had notice of the defect, or had exercised ordinary and reasonable care and diligence in inspecting the highway and repairing the defect, arises, and must be decided. In other words, the duty to make the street reasonably safe in its original construction is absolute; but the duty to discover and repair defects afterwards occurring, not by acts of the municipality, is one involving only ordinary and reasonable care and diligence. This latter duty may properly be called the duty to exercise ordinary care, if the term 'ordinary care' be properly defined."

As to that latter duty liability results only upon the municipality's failure to exercise ordinary care, and that failure, of course, constitutes negligence. So that, in the final analysis, the cause of action, whether for damages sustained because of insufficiency due to original construction or because of want of repair of defects afterwards occurring, is, in legal contemplation, an action for negligence, and within the application of the Comparative Negligence Act.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial.