MEYER, Respondent, vs. NEIDHOEFER & COMPANY and another, Appellants.

*November 10—December 5, 1933.*

For the appellant Neidhoefer & Company there was a brief by *Bendinger & Hayes* of Milwaukee, and oral argument by *Gerald P. Hayes*.

For the appellant Pollet there was a brief by *Rouiller & Dougherty,* attorneys, and *Robert E. Tehan* of counsel, all of Milwaukee, and oral argument by *Mr. Tehan*.

For the respondent there was a brief by *H. J. Aronson* and *M. R. Bensman,* both of Milwaukee, and oral argument by *Mr. Aronson*.

FAIRCHILD, J. Each of three trucks and a street car entered into the chain of events resulting in respondent's damage. The truck of appellant Neidhoefer & Company is referred to in the evidence as the yellow truck, that of appellant

Pollet as the gravel truck, and the other truck involved as the malt truck. It is conceded that the driver of the malt truck and the operator of the street car were free from negligence.

A jury question existed as to the negligence of the driver of the yellow truck. The usual questions with relation to the negligence of this driver were properly submitted and there is evidence supporting the findings of the jury. This evidence was believed by the jury and is therefore to be accepted here as controlling. *Trautmann v. Charles Schefft & Sons Co.* 201 Wis. 113, 228 N. W. 741. The evidence is to the effect that the yellow truck, traveling east on Buffalo street, approached North Water street from the west at a time when the malt truck was crossing the south crosswalk of the intersection of the two streets. The malt truck was followed closely by the gravel truck, owned by appellant Pollet. The Neidhoefer or yellow truck entered the intersection without stopping, at a speed of from twenty-five to thirty miles an hour. It turned south on North Water street and was confronted with a partial obstruction caused by a truck double-parked standing out in the street. This interfered with the yellow truck following a course directly south and on the right side of the street. The driver did not stop, but swung the yellow truck to the left, cut over to the street-car tracks (a double set of which run north and south on North Water street), ahead of the malt truck, causing the driver of that truck to slow up and swing to his left out of the path he had been following, and both trucks barely missed hitting a north-bound street car. The action of the two trucks just described caused the driver of the gravel truck to meet a new and suddenly created condition. He was placed in a situation where he had to choose between striking the truck in front of him or avoiding it by turning to the right or the left. He applied his brakes, turned to the left into the path of the north-bound street car which he had not seen until then, because the malt truck which he was follow-

ing had a canvas top which obstructed his view toward the south. The collision between his truck and the street car in which respondent was riding occurred almost immediately after he turned to the left. The place fixed as the point of collision was upwards of twenty-eight feet from the curb line of the southwest corner of the intersection. The evidence briefly summarized very apparently supports the findings of the jury as to the negligence of the appellant Neidhoefer & Company, the owner of the yellow truck, that such negligence was a proximate cause of the accident and of respondent's injury. There was no collision between the yellow truck itself and the street car, but there is evidence that it was driven into North Water street at a greater speed than was reasonable and that the driver failed to keep a proper lookout. Having invaded the intersection as he did, he was unable to accommodate his movements to the presence of double-parked cars on his right and the malt truck and gravel truck and street car to his left. He so failed in control as to force the malt truck out of the lane in which it was traveling, thus blocking traffic to some extent and starting the series of events just recounted, each occurring in immediate unbroken succession, resulting in the collision and the injury to the respondent. If the speed of the yellow truck, the failure to keep a proper lookout by its driver, and his failure to have proper control of it gave rise to a dangerous situation and caused the collision, the injuries of the respondent may be the proximate result of that driver's negligence as certainly as though there had been actual contact between his truck and the street car on which respondent was a passenger. It is sufficient if his negligence resulted in a situation the proximate result of which was respondent's injury. *Wright v. Buckley,* 204 Wis. 520, 235 N. W. 417, 236 N. W. 378; *Felix v. Soderberg,* 207 Wis. 76, 240 N. W. 836.

Appellant Pollet bases his objection to the judgment against him upon the proposition that under the evidence he

ought not to be held guilty of negligence as a matter of law; that the question as to whether he was negligent in driving within ten or twelve feet back of the malt truck covered with a canvas to a height that interfered with his ability to see traffic in line with that truck and for some distance on either side, should have been submitted to the jury. He also insists that if found negligent in that respect, a jury question would then arise as to whether that negligence caused the collision.

Sec. 85.32 (1) of the Wisconsin Statutes reads:

"The operator of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway."

One driving upon the highways is permitted to show circumstances excusing his conduct or rebutting the presumption of negligence.' *Maher v. Lochen,* 166 Wis. 152, 164 N. W. 847. Smith, the driver of the Pollet or gravel truck, testified he was traveling ten to twelve feet behind the malt truck, that both were moving at the same rate of speed and about twelve to fifteen miles per hour, that he had control of his truck and was able to stop within a few feet, but would probably require more than fifteen feet. He had been following this truck for some distance, slowing up at intersections, and evidently had calculated that if the malt truck slowed up or stopped he could do so too without hitting the malt truck, and doubtless would have been able to avoid an accident but for the sudden slowing and turning of the malt truck caused by the interference of the yellow truck. . If the driver of the Pollet or gravel truck was following the malt truck more closely than was reasonable and prudent, having due regard for speed, the traffic on the street, and the condition of the highway, he would be guilty of negligence, but there is evidence from which the inference may reasonably be drawn that he was not so offending. He was following a truck ten or twelve feet ahead of him on a street

in the business district of a large city where traffic was practically continuous during certain hours and where those occupying a certain lane of travel ordinarily do not expect interference except at danger zones and street intersections. The truck he was following was moving at the same rate of speed as he was. Both, according to the evidence of Smith, were where they had a right to be, and, undisturbed, the likelihood of accident was remote. The situation here presented warrants an inference, under the circumstances, that Smith had reason to believe he could safely hold his position in the line of traffic until he came to the corner where he intended to turn to his left; that had the malt truck under normal conditions slowed up to stop, he would have been afforded a timely warning and opportunity to bring his truck to a stop. There is conflict in the testimony to such an extent that inferences to be drawn from the evidence are doubtful and uncertain. And there is evidence which under reasonable view will support or admit an inference either for or against the contention of appellant Pollet. The rule is that in such a situation the proper inference to be drawn from the evidence is a question for the jury. *Trautmann v. Charles Schefft & Sons Co., supra.*

The fact that the Pollet truck was required, because of the unexpected conduct of the driver of the yellow truck, to act suddenly and in the face of imminent danger, raises a question as to whether his following the malt truck in the manner he did was a cause of the collision and respondent's injury, or whether the evidence establishes the presence of a new and intervening cause. A jury question arises here because it cannot be said as a matter of law that appellant's driver should have anticipated the projection of the yellow truck into the lane of travel occupied by the malt truck and appellant's truck and the consequent disturbance directing the series of events ending in the collision and the injury to

respondent. *Smith v. Taylor-Button Co.* 179 Wis. 232, 190 N. W. 999; *Gilbert v. Wittenberg,* 189 Wis. 181, 207 N. W. 264.

*By the Court.*—Judgment reversed as to the appellant Pollet, and cause remanded for a new trial upon the question of his negligence and its relation to the injury. The judgment, so far as it affects the appellant Neidhoefer & Company, is affirmed.