## DREHER VS. THE TOWN OF FITCHBURG.

1. "Slight negligence" is only an absence of that degree of care and vigilance which persons of extraordinary prudence and foresight are accustomed to use.

2. "Ordinary negligence" is the want of such care as persons of ordinary prudence observe, or as the mass of mankind observe.

3. A town is liable for injury caused by a highway being out of repair, notwithstanding "slight negligence" on the part of the traveler contributed directly to the injury.

4. *Otherwise*, if any want of "ordinary care" on his part contributed to the injury.

5. If the accident happened partly from a cause in respect to which a want of ordinary care could not be imputed to the traveler as from a defect in the axle of a vehicle he was driving—the town is liable, if the accident would not have occurred but for the highway being out of repair.

6. To show error in disallowing a question, the object of it must appear with sufficient distinctness to enable this court to see that material evidence was rejected.

7. In regard to admissions alleged to have been made in the course of casual conversations, it is not error to tell a jury that they are called in the books "the weakest kind of testimony."

8. Admissions deliberately made and clearly proved beyond mistake, have great inherent force as evidence.

APPEAL from the Circuit Court for *Dane* County.

Action for damages suffered by reason of a defect in a highway, while plaintiff was driving a team attached to a separator. After the plaintiff rested, the defendant called one Kyser, who testified that he was not present at the time the plaintiff received his injury, but talked with him a few hours afterwards. *Question:* "What do you know about this team; how did they appear and act?" Objected to generally, and objection sustained. The whole of the instruction to the jury in reference to alleged admissions made by the plaintiff, was as follows: "It is laid down in the books that the admissions of parties are always admissible, but the weakest kind of testimony that can be produced. Some witnesses have been introduced for purposes of this kind, and you are to consider their statements; you are to consider their applicability to the circumstances of the accident as it took place, and see whether it be true as stated to you upon the stand, or what the probabilities are with regard to it; and you are also to consider whether or not the witnesses would not be likely to be confused, and mistaken in their memory of circumstances and events." Verdict and judgment for plaintiff; and defendant appealed.

*Gregory & Pinney,* for appellant, as to the question put to the witness Kyser, cited 16 Wis., 106; and upon the question of negligence on the part of the plaintiff, 9 Wis., 214; *Potter v. Chicago & N. W. R. R. Co.,* 21 Wis., 372; 35 N. H., 276; 24 N. Y., 431–442; id., 181; 20 N. Y., 73; 12 Pick., 177; 12 Met., 415; 104 Eng. C. L., 2; 32 Maine, 574; 16 Ark., 308; 12 Cush., 177; 8 Gray, 79; 16 How. (U. S.), 474; 11 Mees. & Wels., 113; 2 Ad. & Ell., N. S., 854; 24 N. Y., 186; 39 Vt., 246–253; 38 Me., 204; 42 id., 346; 9 Met., 1; 39 Vt., 255; 4 Gray, 178. As to the weight to be given to admissions, they cited Greenl. Ev., §§ 200, 169, 170; 1 Phil. Ev., 453–479; 9 Barn. & Cress., 452; 2 Wils., 395–399.

*W. F. Vilas*, for respondent.

PAINE, J. It is claimed that the circuit court erred in refusing to instruct the jury, as requested by the defendant, that " slight negligence " on the part of the plaintiff, which contributed directly to the injury, would prevent a recovery. This would have been error if the words " slight negligence " are to be construed as equivalent to a slight want of ordinary care and prudence. But such is not the case. On the contrary, negligence has long been divided into three degrees, slight, ordinary and gross. This division has sometimes been criticised, like everything else, but it is well established, and seems based upon sound reason, and capable of practical intelligent application by the ordinary juries of the country; and, in accordance with it, slight negligence is defined to be only an absence of that degree of care and vigilance which persons of extraordinary prudence and foresight are accustomed to use. To have given the instruction as drawn, would therefore have been equivalent to telling the jury that such a want of care on the part of the plaintiff, which contributed directly to the injury, would have prevented a recovery. But such is not the law. To require of the mass of mankind that extreme degree of care which only persons of extraordinary prudence possess, would be to require an impossibility. It would be to deliver them up to injury by the negligence, carelessness and recklessness of others, without redress. The counsel for the appellant would not contend for such a rule. And the authorities cited by him only go to show that if there is any want of ordinary care on the part of the plaintiff, contributing directly to the injury, then the law will not attempt to measure the degree of such negligence, but will forbid a recovery. Such is the case of *Walker v. Westfield*, 39 Vt., 246. The language of the opinion on page 253, quoted by counsel,

clearly relates, as appears by that portion of the opinion immediately preceeding it, to a want of " such care as persons ordinarily exercise for the purposes of such a journey." It is only the want of such care that the law imputes to plaintiffs as a fault. And that proposition being first distinctly announced, courts frequently proceed to say that a slight want of such care defeats a recovery. But it would by no means be proper to infer from this that it would be correct to instruct a jury that slight negligence would defeat a recovery, as an abstract proposition. For in that form it would mean that an absence only of that extreme care which persons of great prudence and caution use would prevent a recovery, when it is quite obvious that an absence of such care is entirely consistent with the exercise of such care and prudence as persons ordinarily exercise, and which is all that the law requires. It is evident that such was the view of the circuit judge in refusing the instruction, because, in another part of his charge, he defined slight negligence substantially as defined above, and he repeatedly instructed them that if any want of ordinary care in the plaintiff contributed to the injury directly, he could not recover. There was no error in the refusal.

The appellant excepted to the definition given by the court below, of ordinary care and ordinary negligence. The definition was as follows: " Then there is ordinary negligence, or a want of ordinary care. This is the want of such care as persons of ordinary care and prudence observe in and about their affairs. I may say in this connection, that it is the want of such care as the great mass of mankind, or the majority of mankind, observe in the transactions of human life." We see no ground for any exception to this definition.

It was also urged by the counsel for the defendant, that the accident occurred partly on account of a defect in the

axle of the separator; and he asked for several instructions to the effect that if such accident, or any other cause besides the negligence of the town, contributed to the injury, the town would not be liable. The judge refused so to instruct, but told the jury that the plaintiff might recover notwithstanding such other cause contributed to the injury, unless such other cause was attributable to some want of ordinary care on the part of the plaintiff, provided they found that the accident would not have occurred except for the defect in the highway. This is the substance of his instructions upon the point, repeated in different forms in different portions of the charge, to which the defendant excepted.

In support of these exceptions the appellant's counsel cites the following cases: *Moore v. Abbot*, 32 Maine, 46; *Farrar v. Greene*, id., 574; *Coombs v. Topsham*, 38 Maine, 204; *Anderson v. Bath*, 42 Maine, 346; *Ingalls v. Bills*, 9 Met., 1; and *Prindle v. Fletcher*, 39 Vt., 255. The last two of these cases seem to have no bearing upon the question. The case in Metcalf decides that common carriers of passengers were not liable for an injury happening through a latent defect in an axle of a coach, which no care or foresight could have discovered. The case in Vermont decides that a town is not liable for an injury occasioned by a similar defect in a highway. But neither of them presented the question, whether, where an injury is occasioned by the negligence of the defendant, a recovery will be prevented provided some accident or other cause, without fault on the part of the plaintiff, contributed to the injury. The cases in Maine seem to support the appellant's position. But the following cases sustain the opposite conclusion, holding the law to be as declared by the circuit judge: *Hunt v. Pownall*, 9 Vt., 411; *Kelsey v. Glover*, 15 id., 708; *Allen v. Hancock*, 16 id., 230; *Palmer v. Andover*, 2 Cush., 600; *Bigelow v.*

*Rutland*, 4 id., 247; *Clark v. Barrington*, 41 N. H., 44; *Winship v. Enfield*, 42 id., 197.

The conclusion of these cases seems to us founded in better reason and sounder views of public policy than the one sustained by the opposite decisions. And we shall hold accordingly, that there was no error in the ruling of the circuit judge upon this question.

The counsel for the defendant, on the trial, asked the witness Kyser, "what he knew about the team, and how they appeared and acted." This was objected to, but upon what ground is not stated. The objection was sustained, and an exception taken. It is claimed that the object was to prove the team to have been an improper and unsafe one. But if so, the offer was not made with sufficient distinctness to enable us to see that any material evidence upon that point was rejected. It was not shown that the witness had any knowledge of the team prior to the accident. There was no offer to show that he had. The time to which the question as to the appearance of the team related, is not indicated. He may have seen them immediately after the accident, when they were first caught. And it could hardly be claimed that their appearance at that time would throw any light on their previous character or habits. It is true that material evidence might have been given in answer to the question. But it is equally true that it might have been wholly immaterial. And a party alleging error must show, either by a sufficient foundation in the evidence already introduced, or by stating his offer in a distinct form, that material evidence was excluded, before an appellate court can reverse for excluding evidence. It is not sufficient that it might have been.

It is further claimed that the court erred in telling the jury that admissions of a party were "the weakest kind of evidence that could be produced." But this language is not

materially different from that generally used in elementary works and by courts, in regard to this class of evidence. GREENLEAF, in his work on evidence, vol. 1, § 200, says it should be " received with great caution," and that it is " subject to much imperfection and mistake." Judge RED-FIELD, in his edition of that work, in continuation of the same paragraph, after alluding to the various reasons which create a probability of error in this kind of evidence says: " We must conclude there is no substantial reliance upon this class of testimony." It has often been characterized as the " most unsatisfactory," " the most dangerous," of all evidence. And it does not seem materially different to say it is the " weakest kind of evidence." This does not imply that an admission deliberately made, and clearly proved beyond mistake, would not have very great inherent force as evidence. But the weakness of this testimony consists in the uncertainty and liability to mistake on these preliminary questions.

On the whole, we find no error in the case. The charge may be liable to the criticism of having attempted to make the matter very plain by too much explanation. But its legal propositions are correct, and there is nothing that would seem liable to mislead the jury.

*By the Court.*—The judgment is affirmed, with costs.