SICARD, Respondent, vs. ALBENBERG COMPANY, Appellant.

*October 21—November 10, 1908.*

*Contracts: Master and servant: Agreement as to compensation: Share of profits: Evidence: Instructions to jury: Special verdict.*

1. A finding by the jury that plaintiff's services in conducting defendant's store were rendered under an agreement that he should receive therefor a specified sum per month and in addition twenty-five per cent. of the profits of the business, is *held* to be sustained by the evidence.

2. The error, if any, in admitting evidence that it was customary or common to compensate managers of similar stores by allowing them a share of the profits in addition to a fixed salary, is *held* to have been cured by the court striking out all such testimony and directing the jury to disregard it as completely as if it had not been given.

3. In an action upon an alleged contract an instruction to the effect that no form of words is necessary to constitute a contract, and that if the natural inference from what appears to have passed between the parties is that their minds met presently in agreement, as plaintiff claims, a valid contract was made, whatever may have been the verbal expressions used, was not prejudicially erroneous because of the use of the words "natural inference" instead of "reasonable inference."

4. Nor was such instruction erroneous on the ground that the jury might have supposed therefrom that they were permitted to find that a contract was made inconsistent with the words used by the parties.

5. The rule that, in charging the jury with respect to a special verdict, the court should not inform them as to the effect of their answers does not preclude the court from instructing the jury that if they answer a certain question in one way they need not answer a subsidiary question, where the jury must unavoidably see, without that instruction, that such answer to the primary question would necessarily terminate the controversy.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

Action to recover on contract. The issues involved whether plaintiff rendered services for defendant in operating a store in Superior, Wisconsin, under an agreement that

he should receive as compensation therefor a specified amount per month and twenty-five per cent. of the profits, and, if so, the amount of profits earned during the period of employment.

The jury found in plaintiff's favor on the first proposition, also that the period of service was from May 28, 1906, to February 2, 1907, and that his share of the profits was $3,500. Judgment was rendered in favor of the plaintiff for the sum above mentioned with costs, and the defendant appeals.

*H. W. Dietrich,* for the appellant.

*W. P. Crawford,* for the respondent.

MARSHALL, J. We are unable to agree with counsel for appellant that respondent failed to produce sufficient evidence in support of his claim as regards a contract having been made that he should have twenty-five per cent. of the profits realized in operating appellant's store during the period of his services, in addition to a monthly salary. As we understand the record, the evidence of respondent is not fatally indefinite nor was the stipulation for a percentage of profits in any sense optional. His evidence in short is, that appellant, speaking by its representative who was really the proprietor of the business, proposed that upon a specified contingency it would employ respondent to assist in conducting its Superior store at the same monthly salary he had been receiving, and in addition twenty-five per cent. of the profits resulting from the business, which proposition respondent assented to; that the suggested contingency happened and thereupon, at appellant's request, respondent entered upon the work and continued in performance from that time, May 28, 1906, till February 2, 1907; that a few days after the term of service commenced respondent referred to the subject of his relation to the business, whereupon such representative said, substantially: You will draw the same salary

as heretofore and the rest will have to wait upon the outcome as regards whether the business proves profitable. "You know the agreement." Thus the evidence will be seen to have been positive and unequivocal. There were some corroborating circumstances and some evidence, direct and circumstantial, impeaching the case thus made by respondent. In that situation, that a jury question was presented is too plain to require discussion. The mere condition upon which respondent was to be allowed compensation in addition to his salary, viz., that of whether the business should prove profitable, is misnamed by counsel when it is referred to as an optional feature.

Some evidence was offered by respondent and received to the effect that it was customary to compensate managers of dry-goods stores by allowing them in addition to a fixed salary a share of the profits. Later that was stricken out and the jury directed to disregard it as completely as if it had not been given. Thereafter evidence was permitted under objection of the same character, except the word "common" was substituted for the word "customary" in the questions. Before the case was submitted to the jury that evidence and some cross-examination in regard to the matter were stricken out and the jury directed as before. It is claimed that such evidence was inadmissible and that the harm done by permitting the jury to hear it was not efficiently cured by the court's efforts in that regard. Whether the evidence was proper or not under the circumstances need not be discussed, since this court is clearly of the opinion that, in any event, no substantial ground exists for holding that the error, if there were one, was not cured so as to leave no reasonable probability of appellant's being prejudiced thereby.

Some other exceptions to the reception of evidence are referred to by counsel for appellant without discussion. However, they have received attention, resulting in the conclusion that the evidence was proper.

The court instructed the jury as to the question covering the controversy respecting whether the alleged contract was made or not, substantially as follows: No form of words is necessary to constitute a contract. If the natural inference from what appears to have passed between the parties is that their minds met presently in agreement, as plaintiff claims, a valid contract was made, whatever may have been the verbal expression used. It is suggested that the language is faulty because of the use of the word "natural" instead of "reasonable." That seems rather hypercritical. An inference could hardly be reasonable without being natural. The instruction was not happily worded, in that it used the word "natural" in the sense of "necessary." It were better to have instructed the jury that if they were satisfied from the evidence of what passed between the parties and their conduct, including the reasonable inference therefrom, that their minds met on an agreement in accordance with the question they should answer it "Yes," otherwise "No." The inference was evidentiary and not necessarily conclusive. However it is not thought that the inaccuracy of statement suggested could have been prejudicial.

It is further urged that the jury might reasonably have supposed from the instruction referred to, that they were permitted to find a contract was made inconsistent with the words used by the parties. It does not seem so. The fair meaning, and the one in our judgment which the jury in all reasonable probability gathered, is that notwithstanding the words used might not by themselves be sufficient to show satisfactorily that a contract was made as claimed, if they, in the light of all that passed between the parties, including their conduct, so satisfied them, then a contract as indicated in the question should be regarded as established.

The court further instructed the jury that if they answered the first question in the negative they need not answer the second, covering the subject of the amount of respond-

ent's percentage.   It is claimed that such direction plainly informed the jury the effect of any determination they might reach as to the first question and so violated the rule on that subject.   That rule does not go so far as to preclude the court from relieving a jury of the labor of determining a subsidiary question submitted, after reaching a conclusion on a primary one necessarily terminating the controversy as they must unavoidably see without a word being said to them on the subject.   *Chopin v. Badger P. Co.* 83 Wis. 192, 53 N. W. 452; *Banderob v. Wis. Cent. R. Co.* 133 Wis. 249, 268, 113 N. W. 738.

The foregoing covers all matters discussed in the brief of appellant's counsel requiring special mention.

*By the Court.*—The judgment is affirmed.