SWIERGUL, Respondent, vs. TOWN OF SUAMICO, Appellant.

*February 10—March 10, 1931.*

For the appellant there were briefs by *Minahan, McCormick & Thiele* of Green Bay, and oral argument by *Hugh A. Minahan* and *Victor McCormick*.

*Robert A. Kaftan* of Green Bay, for the respondent.

Nelson, J. The defendant contends, first, that there is no credible evidence to support the verdict; second, that the defective highway was not the proximate cause of plaintiff's injuries because the team, at the time the rake struck the hole, was more than momentarily beyond the control of the plaintiff; third, that the court erred in not submitting to the jury, in connection with the question of proximate cause, a question as to reasonable anticipation of injury; and fourth, that the court erred in informing the jury as to the effect of its answer to the first question submitted.

No question is raised as to the amount of the damages. There is no dispute as to the existence of the defect in the highway at the time of the accident or for a sufficient length of time before to have enabled the officers of the town, charged with the duty of attending to such matters, in the exercise of ordinary care, to have discovered such defect and repaired the same.

The defendant earnestly contends that because the plaintiff's testimony as to the manner in which the accident occurred is uncorroborated, and because the plaintiff before trial, when examined adversely under the provisions of sec. 326.12, Stats., about ten and a half months after the accident, testified to a state of facts quite different in many respects from his testimony given upon the trial, there is no credible evidence to support the verdict. The defendant contends that the plaintiff's testimony was, by himself, impeached and is without credibility. While it was proper for the defendant to confront the plaintiff with his answers made under oath at the former examination relating to the manner in which the accident occurred, which answers might well have been considered by the jury as contradictory of his testimony upon the trial, the whole situation merely presented a contrary state of evidence and it was within the province of the jury to decide which story was correct. This very situation was passed upon in *Sparling v. United States Sugar Co.* 136 Wis. 509, 513, 117 N. W. 1055. Assuming

that the jury believed the testimony given by the plaintiff upon the trial, it amply supports the verdict, which this court cannot now disturb. It appears that when the plaintiff was examined before trial he was unable to speak or intelligently understand English, that he had to be examined through an interpreter, who was apparently not very competent, and that he was still in bed and suffering great pain. These circumstances were no doubt considered by the jury when they weighed the plaintiff's testimony upon the trial.

Defendant's next contention is that the hole in the highway was not the proximate cause of the plaintiff's injury because the plaintiff's horses were, at the time that the wheel of the rake struck the hole, a "runaway team." This particular issue, however, was submitted to the jury by question 9 of the special verdict and the jury found that, at the time the plaintiff fell, his team was not more than momentarily beyond his control. The court gave appropriate instructions relating to question 9, and the finding of the jury must stand unless we can say, as a matter of law, that the plaintiff's team was, at the time, a "runaway team" and more than momentarily beyond his control.

When may a horse be said to be a "runaway horse" and more than momentarily beyond the control of a driver is a question that has often been before this court and other courts, where it is held that mere momentary loss of control of a horse or team, due to fright, will not defeat the right to recover for injuries resulting from defective highways. Nothing can be added to what was said in *Ehleiter v. Milwaukee,* 121 Wis. 85, 98 N. W. 934. Several Wisconsin, Maine, and Massachusetts cases were there reviewed by Mr. Justice DODGE. It is said in that case (p. 90) :

"It is doubtless impossible to say how far a frightened horse may spring before his driver can bring to bear efforts to control him. Nevertheless there is a limit within human

experience beyond which such movement cannot possibly go. Thus in *Olson v. Chippewa Falls,* 71 Wis. 558, 37 N. W. 575, and *Hinckley v. Somerset,* 145 Mass. 326, 14 N. E. 166, the court refused to hold, as matter of law, that a frightened horse might not momentarily reach a defect twenty feet away."

If the plaintiff's horse had acquired the status of "runaway horse" before the wheel of the plaintiff's hay rake came in violent contact with the hole in the highway, then the plaintiff cannot recover. The evidence of the plaintiff, if believed by the jury, as it evidently was, negatives the idea that the horses had acquired a runaway status before the accident. *Meidenbauer v. Pewaukee,* 162 Wis. 326, 334, 156 N. W. 144. In the present case there is evidence that the plaintiff's team, when about ten feet away from the hole, suddenly became frightened, shied and jumped forward, pulling the hay rake into the hole, which resulted in throwing the plaintiff forward and under the wheel of the rake. The exact distance between the rake at the time when the horses took fright, and the hole, does not appear, but, under the evidence, it is certain that such distance did not exceed approximately twenty feet. Following the carefully considered decisions of this court, we cannot say as a matter of law that the plaintiff's horses might not, while momentarily out of control, have pulled the hay rake into the hole, a distance of approximately twenty feet or less. We therefore conclude that the defendant's second contention is without merit.

The contention of the defendant that the court erred in not submitting to the jury, as an element of proximate cause, a question as to reasonable anticipation of injury, also is without merit. While such a question is necessarily involved in every highway case, it is nevertheless true that in many such cases it will not be necessary formally to submit it to

the jury. In *Fehrman v. Pine River*, 118 Wis. 150, 95 N. W. 105, it was said (p. 153):

"But while the question is necessarily involved in every highway case, it is nevertheless true that in many such cases it may not be necessary to formally submit it to the jury. Thus, if it be found by the jury that a dangerous declivity has been negligently permitted to exist in a highway, and that a traveler has fallen therefrom while exercising ordinary care, and no other cause for his fall is disclosed by the evidence, proximate cause may be rightly said to be shown as matter of law by these facts. Where an open pit is left in a street on which the public are invited to travel, it would be foolish to say that the fall of a traveler into it was not a natural and probable result, and ought not to have been anticipated by reasonable men. *Crouse v. Chicago & N. W. R. Co.* 102 Wis. 196, 78 N. W. 446, 778. But this is not saying that the question of proximate cause is not in the case; it is only saying that the facts, either proven without dispute or found by the jury, settle the question so conclusively as to render a separate finding of the jury unnecessary."

The hole involved in this action was obviously so large as to be dangerous to persons using the highway, and the town, as a matter of law, was bound to anticipate that danger might result. The hole had existed for some time and travelers on the highway had avoided it by going around it to the south. This was done for no reason other than to avoid injury. From this alone it is perfectly obvious that reasonably prudent men could not do otherwise than anticipate injury from such a hole. We conclude that in this case no prejudicial error resulted from the failure of the court to submit to the jury the question of reasonable anticipation of injury.

The final contention of the defendant is that the court erred to the prejudice of the defendant when it advised the jury as to the legal effect of its answer to question 1 of the verdict.

When the trial court completed its charge to the jury the following colloquy took place between the court and defendant's counsel:

"Mr. Sheridan: On question 1, I would like to have the court instruct the jury, if they should answer question 1 'No,' they need not answer any other question except question 10.

"The Court: That is true—the court will so instruct you that if you should answer question 1, that the plaintiff was not injured at this hole, Yes, that ends your consideration of the case; you don't have to answer any other question, because if the plaintiff was not injured at that place, then the town is not liable. You can stop right there. I guess that will cover all the points now."

Mr. Sheridan, at that time, was the attorney for the defendant, engaged in the trial of this action. The jury of course knew that Mr. Sheridan was representing the town. It quite conclusively appears from the record that the plaintiff contended throughout the trial that he was injured at the hole in the highway. The defendant, however, contended that the injury to the plaintiff occurred a considerable distance before he reached the hole in the highway. The instruction of the court complained of certainly gave no information to the jury which it did not fully have at the time the instruction was given. Unless we can presume to apply lack of intelligence on the part of the jurors, which presumption we cannot indulge in, it is obvious that the jury knew that if the plaintiff's injuries did not result from the defect in the highway there would be no liability on the part of the town. While it is, as a general proposition, prejudicial error for the trial court, by instruction, to inform the jury expressly or by necessary implication of the effect of an answer to a question of the special verdict upon the ultimate right of either party litigant to recover, or upon the ultimate liability of either party litigant, we cannot be-

lieve that the defendant herein was in any way prejudiced by the giving of the instruction complained of. In *Lyttle v. Goldberg,* 131 Wis. 613, 617, 111 N. W. 718, it was said:

"Nevertheless, it is of course true that the ordinary jury will, in the great majority of cases, appreciate the effects of an answer, and not every intimation from the court from which they might draw inferences is to be held so prejudicial as to necessitate reversal. In the present case there could be little, if any, doubt that the jury must have understood the effect of their answers without any suggestion other than the knowledge of the issues necessarily obtained by them in the course of the trial."

In *Wankowski v. Crivitz P. & P. Co.* 137 Wis. 123 (118 N. W. 643), at page 129 it was said:

"Where the information to the jury was thought to reach the ultimate effect of the answers, yet because it was quite apparent that the jury must have otherwise known just what the court informed them of it was held not prejudicial."

See, also, *Sicard v. Albenberg Co.* 136 Wis. 622, 118 N. W. 179.

We conclude that no prejudicial error resulted to the defendant from the supplemental instruction complained of.

The action having been fairly and fully tried and no error being found, the judgment must be affirmed.

*By the Court.*—Judgment affirmed.